— Proceeding pursuant to CPLR article 78 initiated in this court, to prohibit respondents from prosecuting the petitioner on the Sullivan County Indictment No. 96-76. On November 29, 1976 petitioner was indicted in the United States District Court, District of New Jersey, and charged with several counts, the first of which alleged that from January 1, 1976 to November 18, 1976 certain defendants, including petitioner, "did knowingly and wilfully combine, conspire, confederate and agree together with each other and others to manufacture, possess with intent to distribute and to distribute methamphetamine hydrochloride, a schedule II controlled substance”. Thereafter, in December, 1976 petitioner was indicted by the Sullivan County Grand Jury and charged with three counts, the first being criminal possession of a controlled substance (methamphetamine); the second being conspiracy to engage in the illegal manufacture, possession and sale of methamphetamine; and the third being criminally using drug paraphernalia for the purpose of preparing methamphetamine. Petitioner entered a plea of guilty to the first count of the Federal indictment and was sentenced to an indeterminate period of imprisonment, with a maximum of three years. Petitioner has commenced this proceeding to prevent respondents from prosecuting him on the Sullivan County indictment. Initially, we *708 reject respondents’ argument that this article 78 proceeding in the nature of prohibition is not an appropriate remedy (Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560). Respondents concede that petitioner’s plea to the Federal conspiracy charges precludes prosecution upon the conspiracy count of the Sullivan County indictment. There remains, however, the charges of criminal possession and criminally using drug paraphernalia. Respondents argue that the conspiracy to which petitioner pleaded guilty and the criminal possession of a controlled substance charged in the Sullivan County indictment are not based upon the same criminal transaction and thus prosecution is not precluded by CPL 40.20. We disagree. It is the opinion of this court that the acts alleged to establish both the conspiracy and the criminal possession were "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” and, therefore, constitute a criminal transaction as defined in CPL 40.10 (subd 2, par [b]) (see Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, supra; Matter of Grillo v Justices of Supreme Ct. of State of N. Y., 43 AD2d 4, affd 34 NY2d 990). The conspiracy to manufacture, possess and distribute methamphetamine and the criminal possession of methamphetamine were, in our view, integral parts of a single criminal venture. Respondents further maintain that the exception contained in CPL 40.20 (subd 2, par [a]) applies so as to permit prosecution on the criminal possession charge. We agree. This is not a situation as in Matter of Abraham (supra) where the same possession of the same drugs was among the acts proved at trial and for which the conspiracy conviction was had. In the present case petitioner was convicted upon his plea of guilty to conspiracy and as the Court of Appeals has stated the "crime of conspiracy does not consist of both the conspiracy and the acts done in carrying it out but of the conspiracy alone.” (People v Tavormina, 257 NY 84, 93.) The gravamen of the crime of conspiracy is the agreement or plan among two or more persons to commit a crime in the future (People v Epton, 19 NY2d 496, 508, app dsmd 390 US 29). Therefore, the only act established upon petitioner’s plea of guilty to conspiracy was his agreement or plan with one or more persons. Petitioner’s plea to conspiracy to possess methamphetamine did not establish his actual possession of methamphetamine. Since these two offenses involve substantially different elements and the acts establishing the conspiracy are in the main clearly distinguishable from those establishing criminal possession of a controlled substance, respondents are not precluded from prosecuting petitioner for criminal possession of a controlled substance (CPL 40.20, subd 2, par [a]). As to the charge of criminally using drug paraphernalia, we are of the view that CPL 40.20 (subd 2, par [a]) also applies so as to permit petitioner’s prosecution on this charge. Consequently, the petition should be granted only to the extent of prohibiting respondents from proceeding to try petitioner on Count No. 2 of the Sullivan County Indictment. Petition granted in part to the extent of prohibiting respondents from prosecuting petitioner on Count No. 2 of the Sullivan County Indictment No. 96-76, and otherwise dismissed on the merits, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.