In the Matter of ALPHONSE CIRILLO, Petitioner, *v.* JUSTICES OF THE SUPREME COURT OF THE STATE OF NEW YORK, Held in and for the County of Kings, et al., Respondents.

Second Department, November 19, 1973.

*Harold Borg* (*Arnold E. Wallach* of counsel), for petitioner.

*Eugene Gold, District Attorney* (*Martin H. Hershey* of counsel), respondent in person.

SHAPIRO, J. The petitioner, Alphonse Cirillo, seeks an order in the nature of prohibition to prevent the respondents (the Justices of the Supreme Court, Kings County, and the District Attorney of that county) from proceeding to try him on an indictment (No. 1961/1973) returned against him by a Kings County Grand Jury.

The indictment charges Cirillo and another (Vincent Murphy) with various degrees of possession of a dangerous drug. Cirillo is charged in Counts 1 through 3 as follows:

Count 1: 1st degree — possession of 16 ounces and more of heroin;

Count 2: 4th degree — possession of a narcotic drug (heroin) with intent to sell; and

Count 3: 6th degree — possession of a dangerous drug (cocaine).

Each possession is alleged to have occurred on or about March 15, 1973.

Cirillo, Murphy and several others were also prosecuted under a nine-count Federal indictment, in which Cirillo was charged as follows:

Counts 1 and 2: Possession with intent to distribute and distribution of one kilogram of heroin on or about January 18, 1973;

Count 7: Attempt to distribute half a kilogram of heroin on or about March 15, 1973; and

Count 9: Conspiracy to distribute and to possess with intent to distribute quantities of heroin, with overt act No. 10 alleging that on or about March 15, 1973, Cirillo was carrying a paper bag containing approximately half a kilogram of heroin.

Cirillo was tried and convicted in the United States District Court, Eastern District of New York. He now seeks by this application to prevent the State from prosecuting him on its indictment, alleging that he would thereby be twice placed in jeopardy for the same offense.

Although Counts 1 and 2 of the Federal indictment mention a transaction on January 18, 1973, the only possession proved at that trial was one on March 15, 1973, the date involved in the State prosecution as well as in Counts 7 and 9 of the Federal indictment. The evidence underlying both indictments was obtained through wiretapping conducted co-operatively by Federal and State authorities under State court orders and both prosecuting authorities rely upon the same evidence, acts and transactions. Cirillo was arrested by both Federal and State officers on March 15, 1973 and the contents of the bag in his possession at that time were analyzed by a New York Police Department chemist whose testimony was utilized by the Federal prosecutor in support of his successful effort to convict.

In opposition to the application, an Assistant District Attorney of Kings County alleges that his investigation of Cirillo began in September or October of 1972; that the investigation originally involved an alleged shipment of about 200 kilograms of heroin and taps on the telephone of Sorrentino (named in the Federal indictment) indicating a purchase of narcotics from Florida; that by reason thereof he discussed the matter with the Federal prosecutor on several occasions and it was agreed between them that the State indictment would be restricted to "possession" counts, without alleging a conspiracy, and that the Federal indictment would be limited to charges of distribution and conspiracy. He then concludes that, under the circumstances of this case, conspiracy and distribution are different crimes from possession. We cannot agree.

The CPL provides as follows:

" § 40.30 Previous prosecution; what constitutes.

" 1. * * * a person ' is prosecuted ' for an offense, within * * * section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, when the action * * *

" (b) Proceeds to the trial stage and a witness is sworn * * * ."

" § 40.20 Previous prosecution; when a bar to second prosecution.

" 1. A person may not be twice prosecuted for the same offense,

" 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:

" (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or

" (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or

" (c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof ".

It seems clear that under paragraph (c) of subdivision 2 of CPL 40.20 the Federal prosecution of Cirillo bars his prosecution under the State indictment as to Counts 1 and 2. Count 7 of the Federal indictment alleged an attempt to distribute heroin and Count 9 thereof, which alleged a conspiracy to distribute and to possess heroin with intent to distribute it, asserted possession on March 15, 1973 as an overt act. Subdivision 2 of CPL 40.20 provides that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction, unless, as stated in paragraph (c) thereof, one of the offenses is criminal possession of contraband matter and the other involves the use of such contraband *other than a sale thereof.* In an effort to overcome the effect of that statute the District Attorney argues that the Federal indictment does not charge possession or sale, but only an attempt to distribute and a conspiracy to possess with intent to distribute. However, the Penal Law (§ 220.00) defines " sell " as " to sell, exchange, *give or dispose of to another or to offer or agree to do the same* " (emphasis supplied). This extremely broad definition would include " distribution " or the attempt to distribute (Count 7 of the Federal indictment).

In his practice commentary to CPL 40.20 (in McKinney's Cons. Laws of N. Y., Book 11A, CPL 1–169, p. 108), Professor (now Judge) Richard G. Denzer (citing *People* v. *Repola,* 280 App. Div. 735, affd. 305 N. Y. 740) states that paragraph (c) of subdivision 2 " does not permit separate prosecutions for the offenses of selling a dangerous drug and that of possession of a dangerous drug arising out of the same transaction ". In *Repola* the court *disallowed* consecutive sentences for convictions of sale and possession of heroin where the possession charged was in connection with the sale.

The State and Federal prosecutors admittedly discussed their respective indictments and attempted to set Cirillo up to be prosecuted by both authorities. In the light of the provisions of subdivision 2 of CPL 40.20, an analysis of the respective counts in both indictments dooms that attempt to failure. The first count of the State indictment alleges possession of more than a pound of heroin and the second count charges possession of heroin with intent to sell. These charges are barred by the seventh count of the Federal indictment, which charges an unlawful attempt to distribute heroin. The date involved in all three counts is March 15, 1973. Even if the ninth Federal count (conspiracy) be deemed different (although actually alleging possession on March 15, 1973), the seventh count is sufficient, under section 40.20 (subd. 2, par. [c]), to bar prosecution of Cirillo in Kings County on the heroin charges.

The third count of the State indictment charges criminal possession of a dangerous drug in the sixth degree, in that Cirillo unlawfully possessed *cocaine* on March 15, 1973.* Since none of the counts in the Federal indictment deals with cocaine, the trial of Cirillo on that count of the Kings County indictment would not subject him to double jeopardy.

This application should therefore be granted to the extent of prohibiting respondents from proceeding to try the petitioner on Counts 1 and 2 of the Kings County indictment and otherwise dismissed on the merits, without costs.

RABIN, P. J., HOPKINS, MUNDER and LATHAM, JJ., concur.

Application granted to the extent of prohibiting respondents from proceeding to try petitioner on Counts 1 and 2 of the Kings County indictment and otherwise dismissed on the merits, without costs.

---

* Patrolman Grossman had testified that Cirillo possessed two bags containing a white powder; the second, and smaller, proved to be cocaine.