SECOND DEPARTMENT, MAY, 1977

(May 18, 1977)*

■ In the Matter of ALEXANDER LISZNYIA, Petitioner, v ANGELO INGRAS-SIA, as County Judge of Orange County, et al., Respondents.—Proceeding pursuant to article 78 of the CPLR to prohibit respondents from trying petitioner under so much of an indictment of the Orange County Grand Jury (Indictment No. 221/76) as charges him with criminal possession of a controlled substance in the second degree (count one). Petition granted to the extent that respondents are prohibited from trying petitioner under count one of Indictment No. 221/76. On November 18, 1976, petitioner was arrested pursuant to joint action by the New York State Police and the Federal Drug Enforcement Agency. On or about November 20, 1976 petitioner was charged under a Federal indictment with, as a first count, conspiring to manufacture, possess with intent to distribute, and to distribute methamphetamine hydrochloride. On January 4, 1977 petitioner pleaded guilty to the first count of the Federal court indictment in full satisfaction of the entire indictment. On February 23, 1977 petitioner was sentenced to a period of three years' imprisonment. On January 20, 1977 petitioner was arraigned in Orange County, County Court upon an Orange County indictment which charged him with, as a first count, criminal possession of a controlled substance in the second degree, to wit, methamphetamine, alleged to have occurred on or about November 18, 1976. The date of November 18, 1976, is also the closing date for the conspiracy charges in the Federal court. Petitioner has commenced this proceeding to prevent the State from prosecuting him on the first) count of the Orange County indictment, alleging that he would thereby be twice placed in jeopardy for the same offense. CPL 40.20 provides that: "2. A person may not be separately prosecuted for two offenses based on the same act or criminal transaction unless: (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or (b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or (c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof." Pursuant to CPL 40.20 (subd 2, par [c]) the petitioner's previous prosecution in Federal court involving the same criminal transaction as alleged in the State indictment, bars his prosecution in Orange County for the criminal acts contained in the first count of Indictment No. 221/76. (See *Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560; *Matter of Cirillo v Justices of Supreme Ct. of State of N. Y.,* 43 AD2d 4, affd 34 NY2d 990.) We commend the District Attorney for his candor in consenting to defendant's application. Gulotta, P. J., Latham, Shapiro and Hawkins, JJ., concur.