OPINION OF THE COURT
Chief Judge Breitel.
Four appellants, each previously convicted in Federal court for conspiracy to violate Federal drug laws, challenge, in separate appeals, their subsequent State prosecution for substantive drug offenses allegedly committed during the period of the conspiracy. In all four cases the Appellate Division rejected the challenge.
There is one common issue: whether prosecution of a substantive offense that could have been alleged and proved in support of a prior prosecution for conspiracy violates the CPL 40.20 (subd 2) prohibition against separate prosecution of offenses arising out of the same "criminal transaction”.
 Appellants’ prosecution is barred by New York’s statute. In Matter of Abraham v Justices of N. F. Supreme Ct. of Bronx County (37 NY2d 560, 565-567), the statute was applied to bar a State prosecution for possession of dangerous drugs, the identical possession having been alleged and proved as an overt act in a prior Federal conspiracy prosecution. So, too, where the substantive drug offense was not, but could have been, alleged and proved in the prior Federal conspiracy prosecution, subsequent State prosecution offends the statutory mandate. The Abraham rationale is ignored by distinctions dependent upon which overt acts, if any, are specified in the Federal conspiracy indictment or whether a plea of guilty, as opposed to a trial, disposed of the Federal conspiracy charge. Nor do such distinctions comport with logic or the present legislative notion of fair play.
Consequently, in each of the four cases there should be a reversal, the indictments in the three criminal actions should be dismissed, and prosecution of the remaining counts in the indictment to which the proceeding under CPLR article 78 is addressed should be prohibited.

Abbamonte, Coumoutsos, Campopiano

In April, 1973, as a result of a joint major Federal-State narcotics investigation, an indictment was filed against defendants Abbamonte, Coumoutsos, and Campopiano, along with 10 other large-scale heroin merchants, for conspiracy to *80 violate Federal drug laws (see US Code, tit 21, § 846). To support the conspiracy count, covering a period from May, 1971 until the filing of the indictment, 10 particular incidents, including meetings and drug deliveries, were specified as overt acts. A number of substantive drug offenses were also charged.
The instant appeals arise out of a separate concurrent State prosecution in which the three defendants were charged with sale and possession of dangerous drugs. The indictment states that on each of January 8, 12, and 22, 1973, Abbamonte, Coumoutsos, and Campopiano possessed and sold over 16 ounces of heroin. These sales had neither been specified as overt acts of the Federal conspiracy nor had they been the subject of the substantive counts in that indictment.
The Federal charges were disposed of first. Abbamonte and Coumoutsos pleaded guilty, among other counts, to conspiracy. Campopiano, on the other hand, went to trial and was found guilty on all counts charged. Evidence at that trial, although not mentioned in the indictment, included testimony concerning the three January drug sales that are the subject of the State prosecution. All three defendants received substantial Federal sentences.
Relying on the double jeopardy provisions of CPL 40.20, Abbamonte, Coumoutsos, and Campopiano then moved to dismiss the State indictments.[1] Following denial of their motions, each pleaded guilty in State court to selling a dangerous drug in the second degree (Penal Law, former § 220.40). The instant appeals are from the orders of the Appellate Division affirming the convictions.

Lisznyia

Petitioner Lisznyia was also investigated by a joint Federal-State narcotics team. He was first charged by the Federal Government with conspiring, between January 1 and November 18, 1976, to manufacture, possess, and distribute methamphetamine hydrochloride (see US Code, tit 21, § 846). No overt acts were specified in furtherance of the conspiracy.
The genesis of his appeal is a concurrent three-count State *81 indictment. In the State prosecution, Lisznyia was charged with (1) possessing, on November 18, 1976, two ounces of methamphetamine; (2) conspiring with others, between June and November, 1976, to manufacture, possess, and sell methamphetamine; and (3) on November 18, 1976, criminally using drug paraphernalia.
Lisznyia pleaded guilty to the Féderal conspiracy count and was sentenced to an indeterminate term of three years. Before pleading, however, he had obtained extensive disclosure from the Federal prosecutor. The disclosure detailed, principally, the search for and ultimate seizure of, on November 18, 1976, methamphetamines belonging to Lisznyia and his coconspirators.
After pleading guilty to the Federal conspiracy charge, Lisznyia applied to the Appellate Division under CPLR article 78 for judgment prohibiting the State prosecution. Like appellants Abbamonte, Coumoutsos, and Campopiano, he too relies on CPL 40.20. The petition was granted with respect to the conspiracy count, but otherwise dismissed, and Lisznyia appeals.[2]
* * *
At the outset it should be noted that no Federal constitutional issue is involved. Under the "dual sovereignties” doctrine, successive.State and Federal prosecutions based on the same transaction or conduct do not offend the double joepardy prohibition (see Bartkus v Illinois, 359 US 121, 136-138, petition for reh den 360 US 907; Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 564-565, supra). The challenges raised turn, instead, on the application of CPL 40.20.
Under CPL 40.20, not only is the "dual sovereignties” doctrine ignored, but double jeopardy protection is extended, generally, to offenses arising out of a common event. Unless one of the enumerated exceptions is made out, "[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction” (CPL 40.20, subd 2). Restated, absent the statutory exceptions, no matter the num *82 ber of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct (see Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 565, supra; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, pp 105-107).
Hence, the initial inquiry is whether a later prosecution of a defendant and a prior prosecution are based upon "the same act or criminal transaction”. CPL 40.10 (subd 2) defines "criminal transaction” as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
A determination that only one criminal transaction is at issue, however, does not automatically bar a second prosecution. Six exceptions qualify the general proscription (see CPL 40.20, subd 2, pars [a]-[f]). No contention is made that any but the first is relevant to these appeals (as to the pars [b] and [c] exceptions see Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 567, supra). Under the paragraph (a) exception, separate prosecutions are permissible where "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other.”
These CPL provisions were recently considered in Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County (37 NY2d 560, 565-567, supra). There, under similar circumstances, petitioners successfully raised their prior Federal drug conspiracy prosecution to prohibit a later State prosecution for drug possession. (See, also, Matter of Grillo v Justices of Supreme Ct. of State of N. Y, 34 NY2d 990, affg 43 AD2d 4.)
The court in Abraham first rejected the argument that the two offenses, conspiracy and possession, did not arise out of a single "criminal transaction” (p 566). Tracking the statutory definition of "criminal transaction”, the court reasoned that the conduct constituting the possessory crime and the conspiracy was "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (id.).
*83 The People in Abraham then sought to invoke the first exception to the statutory bar, namely, that the elements of the two offenses are "substantially different” and the acts constituting each are "in the main clearly distinguishable” (see CPL 40.20, subd 2, par [a]). The court rejected that argument as well. It looked both to the Federal indictment, which set forth 18 overt acts alleged to have been committed in furtherance of the conspiracy, including the possession at issue in the State prosecution, and to the evidence adduced at the conspiracy trial. The "same possession of the same drugs”, the court reasoned, "was among the acts charged and proved and for which a conviction was had” (37 NY2d, p 567).
At the heart of the four instant appeals, therefore, is whether the Abraham case or its rationale is distinguishable.
With respect to Abbamonte, Coumoutsos, and Campopiano, the People rely on the absence from the Federal indictment of the sales for which the State is prosecuting defendants. Whether the sales and the conspiracy arise out of a single "criminal transaction”, it is urged, depends upon the acts alleged in furtherance of the Federal conspiracy charge.
In Abraham, as noted, the possession crime charged by the State had been alleged in the indictment as an overt act in furtherance of the Federal conspiracy charge. It had also been proven at the Federal trial. (See 37 NY2d, pp 563-564.) But to hinge the statutory double jeopardy prohibition on a procedural or pleading detail, manipulatable at the option of the prosecutor, would be unsound. Concededly, there is no requirement, as there is with respect to a State conspiracy indictment, that overt acts be specified in a Federal conspiracy indictment (see Penal Law, § 105.20). More important, even if overt acts are listed in the Federal indictment, the State prosecutor could rely on other overt acts, omitted from the Federal listing, but arising from the same criminal scheme, venture, or persisting enterprise, to avoid the statute’s single prosecution mandate. Thus Federal and State prosecutors could arrange for double prosecutions solely on matters of pleading details, some idiosyncratic to one or the other system.
The People in Lisznyia rely on his plea of guilty to the Federal conspiracy charge. They argue that the Abraham reasoning does not obtain where there is no trial at which the State substantive offenses could have been proven as in furtherance of the Federal conspiracy. As observed above, in *84 Abraham there was a prior Federal trial at which the offense charged by the State was established as part of the conspiracy. Whether charges are disposed of by plea or trial, however, bears no functional or logical relationship to whether they indeed arise out of the same "criminal transaction”. The worst is that allowing such a distinction would discourage guilty pleas just because, unwittingly, they would offer less opportunity to avoid subsequent prosecution.
It matters not, then, that the list of overt acts in the Federal indictment of Abbamonte, Coumoutsos, and Campopiano did not include the January drug sales. Or that in Liszynia’s case there were no overt acts specified. What is significant is that in each case the particular activity for which the State seeks to hold defendants responsible could have been alleged to support the conspiracy charge. With respect to Abbamonte, Coumoutsos, and Campopiano, the conspiracy count, which covered the period from May, 1971 through April, 1973, was supported by 10 overt acts. No doubt the three January instances charged in the State indictment could as easily have been included as excluded. The same holds true in Lisznyia’s case. There the conspiracy was supposed to have continued from January 1 through November 18, 1976. Had the Federal prosecutor indeed chosen to specify overt acts, the November 18 activity charged in the State indictment could have, or perhaps must have, been one of them.
Nor does it matter that three of the appellants never went to trial on the Federal charges. Key is that in each case, had there been a trial instead of a guilty plea, the acts for which the State is prosecuting appellants could have been received as proof of the conspiracy. Insofar as Abbamonte and Coumoutsos are concerned, the January sales were in fact established at the Federal trial of their codefendant Campopiano. And with respect to Lisznyia, from the disclosure afforded in the Federal proceeding, devoted in the main to the drug seizure on November 18, it is evident that the same proof upon which the State seeks to hold Lisznyia would have been indispensable to the Federal Government’s case.
Thus, whether, under the statutory definition, the present State prosecutions arise out of the same "criminal transaction” as did the Federal conspiracy prosecution, there should be no question. The criminal transaction was a single persisting criminal enterprise to purvey dangerous drugs. The Abra *85 ham case applies and controls, and the issue may not be averted by a pleading distinction. The substantive drug offenses and the conspiracy charges are, just as they were in Abraham, " 'so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture’, * * * thereby satisfying the paragraph '[b]’ definition of 'criminal transaction’ (CPL 40.10, subd 2, par [b])” (Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 566, supra). As a result the State prosecutions are barred unless, as noted above, one of the exceptions to the single prosecution mandate is applicable.
Resort to CPL 40.20 (subd 2, par [a]) to save the State prosecution is of no avail. Under that exception, as explained earlier, where the elements of the offenses are "substantially different” and the acts establishing each are "in the main clearly distinguishable”, separate prosecution is permissible. As the court held in Abraham, a case in which "the same possession of the same drugs was among the acts charged and proved and for which a conviction was had”, the statutory exception does not apply (37 NY2d, p 567).
The logical impediment to the position of the prosecutor— that the exception is available unless the second offense had been pleaded and proved in the prosecution of the first—is that conspiracy is an embracive crime. It embraces all of the overt acts and substantive crimes in the persisting criminal enterprise. Hence, it is sophistic to exclude some or include others depending upon whether some or others are pleaded, proven, not pleaded, or not proven.
As for the Abraham case, the court there mentioned both allegation and proof in the prior Federal conspiracy prosecution because the presence of both made application of the principles of CPL 40.20 all the more compelling. But the presence of allegation and proof is not essential to the conclusion that the embracive conspiracy does not allow the manipulative extraction, for purposes of multiple prosecutions, of particular criminal acts from the scheme or pattern of which they were but parts.
People v Lo Cicero (14 NY2d 374, 379), a case much relied on by the State, is inapposite. There, applying a different but comparable statute, this court held that a kidnapping prosecution was not precluded by a prior acquittal in Federal court of obstructing by robbery the movement of goods in interstate commerce, although the kidnapping of the truckdriver was *86 the method by which a loaded truck had been hijacked. It was not, however, because the Federal indictment did not charge the kidnapping that a second prosecution was permitted. Instead, it was because the kidnapping was distinguished in the State prosecution as a different crime with different elements, despite the fact that the two crimes were committed in the same criminal venture.
The problems for prosecutors engendered by CPL 40.20 and the analysis applicable to criminal prosecutions are due, it bears repeating, to the embracive nature of the crime of conspiracy. With respect to more narrowly defined substantive crimes there are no serious problems (cf. People v Lo Cicero, 14 NY2d 374, 379, supra). The public policy choice is either to avoid using the conspiracy alternative if double prosecution of offenders in criminal partnership is regarded as desirable, or to redefine the distinctions in CPL 40.20 to permit, in some manner, an exception for conspiracy along with the other exceptions. Neither in policy nor logic should the accident of pleading allegations or proof upon the trial be determinative. The unsound paradoxes to which that would lead have been discussed and need no repetition.
Accordingly, with respect to Abbamonte, Coumoutsos, and Campopiano, the orders of the Appellate Division should be reversed and the indictments dismissed. With respect to Lisznyia, the judgment, insofar as appealed from, should also be reversed, without costs, and judgment granted in favor of petitioner prohibiting prosecution of the remaining counts of the indictment.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In People v Abbamonte, People v Coumoutsos and People v Campopiano: Order reversed and the indictment dismissed.
In Matter of Lisznyia v Scheinman: Judgment, insofar as appealed from, reversed and judgment granted in favor of petitioner prohibiting prosecution on the remaining counts of the indictment.

. Defendant Abbamonte had earlier raised the double jeopardy argument in a proceeding under CPLR article 78 for a writ of prohibition. This court, without opinion, unanimously affirmed the Appellate Division’s dismissal of the petition (Matter of Abbamonte v Justices of N. Y. Supreme Ct. of N. Y. County, 33 NY2d 737, affg 42 AD2d 888).

. This appeal, arising out of a Sullivan County indictment, is from an order of the Appellate Division, Third Department. One month earlier, the Second Department, presented with a like petition from Lisznyia relating to an Orange County indictment, granted the relief sought on consent of the Orange County District Attorney (Matter of Lisznyia v Ingrassia, 59 AD2d 834). The relief granted is therefore in accord with the views expressed by this court on this appeal.