## (June 7, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULINE BROWN, Appellant.—Appeal from a judgment of the Supreme Court, New York County, rendered September 8, 1977, convicting the defendant, upon a plea of guilty, of the crime of conspiracy in the first degree, unanimously held in abeyance pending a hearing to be held at Trial Term to determine whether the Queens County indictment and the New York County indictment involve the same criminal transactions, and to .clarify the circumstances under which defendant's motion to dismiss the indictment was withdrawn. On April 13, 1976, defendant was indicted in Queens County for selling heroin on three separate dates: October 28, 1975, November 6, 1975, and January 22, 1976. On February 23, 1977, defendant entered a plea of guilty to one count of criminal sale of a controlled substance in the third degree. The record is silent as to which date of sale the plea of guilty referred. On April 1, 1977, defendant, together with 29 other people, was indicted for the crime of conspiracy in the first degree. Defendant was mentioned in descriptions of 28 overt acts taking place between December 19, 1975 and June 15, 1976. Defendant moved to dismiss the New York County indictment for conspiracy on the ground that its prosecution was barred by the prior separate prosecution in Queens County of an offense arising out of the same criminal transaction (see CPL 40.20). Defendant then pleaded guilty to the crime of conspiracy and withdrew her motion. Defendant seeks reversal of the conviction of the crime of conspiracy based upon *People v Abbamonte* (43 NY2d 74). In *Abbamonte,* the Court of Appeals held that the statutory double jeopardy imposed by CPL 40.20 applies to multiple prosecutions so long as the .offense in the second prosecution could have been considered part of the prior prosecution. However, the record before us precludes the conclusion that facts underlying the Queens County indictment and the New York County indictment were part of the same criminal transaction. It is also unclear whether defense counsel withdrew the motion to dismiss the indictment and therefore waived the right to raise the *"Abbamonte"* issue on appeal, or whether the withdrawal was part of a plea bargain and might not be binding upon the defendant (cf. *People v Blakley,* 34 NY2d 311, 315). We have therefore remanded this matter for a hearing on these two issues and will hold the appeal in abeyance pending receipt of the hearing minutes. Concur—Murphy, P. J., Kupferman, Lane, Markewich and Lynch, JJ.