*257 OPINION OF THE COURT
M. Michael Potoker, J.
Defendant moves to set aside his conviction and for dismissal of the indictment on the grounds of double jeopardy.
The defendant and a codefendant, Samuel Vera, were charged with criminal sale of a controlled substance in the first degree in 1973. They were also charged in a Federal indictment with conspiracy to sell drugs to which they both pleaded guilty and were sentenced on May 19, 1974 to terms of four years.
The period covered by the Federal conspiracy charge included the date of the sale on which the State indictment is based, though that specific date is not mentioned in the Federal indictment.
In Criminal Term defendants Vera and Williams were tried jointly. Vera was convicted of criminal sale of a controlled substance in the first degree but the jury hung on Norman Williams and a mistrial was declared as to him.
The defendant subsequently entered a plea of guilty to criminal possession of a controlled substance in the second degree to cover his indictment and one other and was sentenced to a term of imprisonment of six years to life. He is now on parole.
Vera’s appeal was denied and the conviction was unanimously affirmed by the Appellate Division, Second Department (59 AD2d 1068). On appeal to the Court of Appeals the conviction was unanimously reversed on the ground of double jeopardy in May, 1979. Parenthetically, it should be noted that neither Vera nor Williams raised the double jeopardy issue before Criminal Term.
The Court of Appeals ruled that the plea to the Federal conspiracy charge precluded a subsequent prosecution in New York State for the sale which "concededly was part of the conspiracy” (People v Vera, 47 NY2d 825, 826).
The Court of Appeals so held despite the fact that the Federal authorities were unaware of the sale which formed the basis of the State indictment and found that (supra, p 826) "whether the sale alleged [was] proven or even known to the Federal authorities” is of no consequence.
How does Norman Williams now differ from Samuel Vera? Should Williams now be treated differently from his codefendant?
*258 The defendant concedes that he neither raised the issue of double jeopardy at the time of trial or plea nor did he effectuate an appeal from his plea conviction. In support of his instant application he argues that he was advised by his then court-appointed counsel that since there was a "cop out” there were no grounds for an appeal and that he should not now be penalized for reliance on professional opinion of counsel. Petitioner did attempt to appeal pro se by moving to extend his time to appeal on February 12, 1976 but said motion was denied by the Appellate Division on March 26, 1976.
He further contends that since he was not specifically advised of his double jeopardy rights at the time of his plea he could not be held accountable for its omissions and bound by it.
The United States Supreme Court in Tollett v Henderson (411 US 258, 267) stated "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel’s inquiry.”
That decision is dispositive of defendant’s claim and the court now finds that there was no duty to instruct the defendant specifically on his double jeopardy rights.
The Court of Appeals in People v La Ruffa (34 NY2d 242, 245-246, rearg and affd 37 NY2d 58) stated that "The State has a legitimate interest in maintaining the finality of convictions attributable to guilty pleas valid under constitutional standards existent at the time. (Brady v. United States, 397 U. S. 742, 757; McMann v. Richardson, 397 U. S. 759, 773-774.) When a defendant admits his guilt and consents to the entry of judgment against him, he does so under the law then existing * * * he remains bound by his plea and his resulting conviction” (emphasis supplied).
At the time of the plea in 1975, People v Abbamonte (43 NY2d 74) had not yet been decided. It is upon Abbamonte and its progeny that the Court of Appeals relied in Vera and upon which the defendant’s double jeopardy claim is founded.
Therefore, even if such duty to advise had existed at the time of the plea there was no statute or case law in effect at that time that covered the defendant’s situation and on which the court could have instructed him when he pleaded guilty. *259 The plea was valid under the Federal and State constitutional standards existent at the time.
The remaining question then is whether a double jeopardy issue, even if not raised at trial or plea is of such a nature that it can be raised on appeal or on a motion to set aside judgment.
The answer to this question turns on what type of double jeopardy the defendant is now claiming he is affected by and is found in People v Dodson (48 NY2d 36), where the Court of Appeals was presented with an almost identical set of circumstances, sans the reversal of a codefendant’s conviction.
In Dodson, simply put, the defendant pleaded guilty to a Federal charge which covered acts between August 20 through September 23, 1974. Prior to that plea the defendant had been charged in State court with acts occurring between August 1 through September 30, 1974. The defendant pleaded guilty in 1977 to one charge in satisfaction of the multi-count State indictment. On appeal she contended that the State prosecution was barred by the previous Federal prosecution pursuant to CPL 40.20, the same theory now relied upon by petitioner Williams.
Dodson’s claim had not been advanced prior to or at the time of her plea, the same situation that petitioner Williams finds himself in.
The Court of Appeals in Dodson (supra, p 39) held that the "statutory previous prosecution claim was waived by appellant’s plea of guilty and therefore has not been preserved for appellate review. The situation would be otherwise were she now raising a constitutional double jeopardy claim” (emphasis supplied).
Statutory and constitutional double jeopardy are not synonymous. Under the Federal Constitution the situation of prosecutions on the Federal and State levels arising out of a common event would not offend the double jeopardy theory due to the existence of the doctrine of "dual sovereignties” (see Bartkus v Illinois, 359 US 121, 136-138; Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 564-565; People v Abbamonte, 43 NY2d 74, 81, supra).
However, CPL 40.20 ignores the "dual sovereignties” doctrine and extends double jeopardy protection to offenses arising out of a common event (People v Abbamonte, 43 NY2d 74, *260 supra). Therefore, it is under the statute (CPL 40.20) that the petitioner must proceed and not under a constitutional claim. Defendant, forced to proceed under the statute and having failed to raise the claim at, or prior to, plea cannot now avail himself of the statutory remedy which was deemed waived at time of plea.
Furthermore, the failure of the defendant to appeal or raise the issue on appeal, also constitutes a waiver of the double jeopardy issue. Double jeopardy is a personal constitutional right which, if not timely raised on appeal, may be waived (People v La Ruffa, 37 NY2d 58, 60, supra).
This case is distinguishable from People v Michael (48 NY2d 1) where, though the double jeopardy issue was not raised at the second trial, the Court of Appeals did review it on appeal. In Michael, the double jeopardy was caused by a retrial after a mistrial declared by the court without manifest necessity. This clearly represented a constitutional double jeopardy issue in addition to the relief provided for in CPL 40.20.
For the afore-mentioned reasons, the defendant’s motions to set aside the judgment and for dismissal of the indictment are denied.