In the Matter of GILBERT WILEY, Petitioner, v HERBERT ALT-MAN, as a Justice of the New York Supreme Court, Respondent.

First Department, September 30, 1980

## APPEARANCES OF COUNSEL

*Steven A. Thomas* of counsel *(Leslie Crocker Snyder* and *Moore, Libowitz & Thomas,* attorneys), for petitioner.

*Brian Rosner* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

MURPHY, P. J.

In this CPLR article 78 proceeding originating in the Appellate Division, petitioner Wiley seeks to annul an order of the Supreme Court, New York County (Herbert Altman, J.), entered June 3, 1980 *(People v Wiley,* 104 Misc 2d 114), which denied his motion to dismiss the indictment under CPL 210.20 (subd 1, par [e]). Petitioner also seeks an order "prohibiting respondents from taking any further action or proceedings in connection with the case". The petitioner does not name the "respondents" in the body of the petition. The caption of the petition mentions Justice Altman as the sole respondent. Since the People do not challenge the legal sufficiency of the petition, we shall treat this second branch of the petition as one seeking to prohibit the respondent Justices of the Supreme Court, New York County, and respondent Robert M. Morgenthau, District Attorney of New York County, from trying the petitioner under the subject indictment charging him with murder in the second degree.

On February 17, 1978, one Robert Addison was shot to death in New York City. On April 12, 1979, the petitioner was indicted in Baltimore, Maryland upon the charge of conspiracy. The Maryland indictment alleged that Wiley had conspired with one Dennis Wise and Howard Lockwood "wilfully and of deliberately premeditated malice aforethought to kill and murder Addison."

Wiley, Wise and Lockwood were indicted in New York in May of 1979 for the crime of murder in the second degree. The New York indictment alleged that the defendants "with intent to cause the death of Robert Addison, caused the death of Robert Addison by shooting him with a shotgun."

In September of 1979, Wiley was acquitted of the conspiracy charge after a trial in Maryland. There was evidence at that trial indicating that Wiley had conspired in Maryland but that he had never entered New York in furtherance of the

conspiracy or to commit the murder. In January of 1980, he made a motion in the New York criminal proceeding to dismiss the indictment under CPL 210.20 (subd 1, par [e]). It was Wiley's contention that the New York proceeding was barred, pursuant to CPL 40.20, by his prior acquittal in Maryland. Justice Altman denied this motion in an extended opinion. *(People v Wiley,* 104 Misc 2d 114, *supra.)* Thereafter, Wiley commenced this article 78 proceeding in the Appellate Division.

■ A defendant in a criminal proceeding may seek a dismissal of that proceeding on the ground of "previous prosecution" through two different procedural vehicles. He may make a motion under CPL 210.20 (subd 1, par [e]) or he may bring an article 78 proceeding *(Matter of Nolan v Court of Gen. Sessions,* 15 AD2d 78, 80, affd 11 NY2d 114). Initially, Wiley chose to proceed under CPL 210.20 (subd 1, par [e]). While Justice Altman's order denying that motion could be directly reviewed upon an appeal from a final judgment convicting Wiley, that order may not be prematurely reviewed in this article 78 proceeding. This application, insofar as it seeks a direct review of that order, is denied and the petition is dismissed *pro tanto.* Nevertheless, where relevant, we shall comment upon various points made in Justice Altman's opinion.

As was previously mentioned, the branch of the application in the nature of prohibition is a proper vehicle for challenging the New York indictment. The narrow issue presented is whether the New York indictment is barred under CPL 40.20 (subd 2, par [b]) by reason of the prior acquittal in Maryland. CPL 40.20 (subd 2, par [b]) provides:

"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless * * *

"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil".

■ We agree with Justice Altman that the Maryland and New York prosecutions are based on the same "criminal transaction" as that term is defined in CPL 40.10 (subd 2). We also agree with his determination that each of the offenses contains elements not found in the other. However, we disagree with his final conclusion that the statutory provisions

defining those offenses are designed to prevent very different kinds of harm or evil.

In a trilogy of cases, the Court of Appeals has recently found that, by reason of CPL 40.20 (subd 2, par [b]), a Federal prosecution for conspiracy to distribute narcotics bars any subsequent State prosecution for drug possession. In the earliest case, the Court of Appeals reasoned that the Federal drug conspiracy laws and the State drug possession laws are aimed at the same evil—narcotics trafficking. *(Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560, 567.) In the second case, the Court of Appeals emphasized that the protection afforded by CPL 40.20 is not circumscribed by the number of jurisdictions involved. *(People v Abbamonte,* 43 NY2d 74, 81, 82.) The court further stressed that conspiracy is an embracive crime. It embraces all of the overt acts and substantial crimes in the persistent criminal enterprise *(People v Abbamonte, supra,* at p 85). In the last case in the trilogy, the court made it clear that a State prosecution for possession must be dismissed even if the Federal authorities were not informed of the sale that formed the basis of the State indictment. *(People v Vera,* 47 NY2d 825.)

We find the Court of Appeals trilogy in the conspiracy area to be controlling upon the facts in this case. The Maryland prosecution for conspiracy embraced all the overt acts and substantial crimes in the conspiracy including the murder of Addison. *(People v Abbamonte, supra,* at p 85.) Thus, both the Maryland and New York indictments were aimed at the same substantive evil—intentional murder. *(Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, supra,* at p 567.) Petitioner Wiley may avail himself of the protection of CPL 40.20 even though the prior prosecution took place in Maryland rather than within the jurisdictional boundaries of New York. *(People v Abbamonte, supra,* at p 82.) Since the New York indictment is aimed at the same evil as the Maryland indictment, the exception found in CPL 40.20 (subd 2, par [b]) is not operable and the indictment must be dismissed.

We further note that defendant has been acquitted in Maryland of the very conduct which would constitute his participation in the crime in New York—i.e., in substance that in Maryland he made an arrangement to have the victim murdered in New York.

In passing, a comment should be made upon the memorandum in *Matter of Kessler v Sherman* (41 NY2d 851). In

*Kessler,* the Court of Appeals found that the State Tidal Wetlands Act and a town wetlands ordinance differed in their scope and purpose. Consequently, it was found that separate prosecutions by the State and the town were permissible. We note that *Kessler* did not involve any prior prosecution for conspiracy. Furthermore, the holding in *Kessler* does not contravene any of the principles set forth in the trilogy. For these reasons, we would limit the controlling effect of *Kessler* to its own unique facts.

Accordingly, the petition should be granted to the extent of dismissing the subject indictment and prohibiting respondents from trying petitioner under that indictment, without costs. The application, insofar as it seeks a direct review of the order of the Supreme Court, New York County (Herbert Altman, J.), entered June 3, 1980, should be denied and the petition dismissed *pro tanto,* without costs.

MARKEWICH, J. (dissenting). I would deny the petition for writ of prohibition for the reasons stated by Altman, J., in his opinion denying the motion of petitioner as defendant for dismissal of the underlying indictment *(People v Wiley,* 104 Misc 2d 114).

KUPFERMAN, BIRNS and SILVERMAN, JJ., concur with MURPHY, P. J.; MARKEWICH, J., dissents in an opinion.

Application in the nature of a writ of prohibition pursuant to CPLR article 78 granted to the extent of dismissing the subject indictment and prohibiting respondents from trying petitioner under that indictment, without costs, and insofar as said application seeks a direct review of the order of the Supreme Court, New York County, entered on June 3, 1980, denied and the petition dismissed *pro tanto,* without costs and without disbursements.

Settle order.