OPINION OF THE COURT
Fuchsberg, J.
We are once again called upon to determine the para *412 meters of the defense of previous prosecution set forth in CPL article 40. Specifically, the question posed is whether the petitioner may be prosecuted for murder in New York after he was tried for conspiracy to commit that murder in Maryland. We conclude that the present prosecution does not come within any of the exceptions to the statutory bar against vexatious multiple prosecutions.
The case arises out of an episode which occurred on February 17, 1979, when an individual was shot to death in Manhattan. It later was charged that the victim had been murdered by one Dennis Wise pursuant to an agreement he entered into with the petitioner, Gilbert Wiley, in Maryland.[1] In April, 1979, a Grand Jury indictment charging Wise and Wiley with conspiracy to commit the murder was returned in Maryland. A month later, a New York County Grand Jury indicted the two for second degree murder. The Maryland case, which went to trial first, resulted in an acquittal.
Based upon the Maryland proceedings, Wiley moved to dismiss thé indictment as violative of his statutory right not to be prosecuted twice for the same criminal conduct (CPL 40.20). Though it found the question “a close one and not altogether free from doubt”, Criminal Term denied the motion (104 Mise 2d 114, 119).
Review of the determination was then sought at the Appellate Division by way of this article 78 proceeding. That court, in a thoughtful opinion by Presiding Justice Murphy, granted the petition to the extent of dismissing the indictment and prohibiting prosecütion; for procedural reasons, the application was dismissed insofar as it purported to seek direct review of the order made below (76 AD2d 701).[2] A dissent on a question of law[3] permitted *413 the People to appeal here as of right (CPLR 5601, subd [a], par [i]). In our view, the majority was correct.
At the outset, we note that there is no claim that the New York prosecution would invoke the Federal constitutional strictures against double jeopardy (US Const, 5th Amdt). Such an argument would, in any event, be unavailing since, under the so-called “dual sovereignty” doctrine, a prosecution by separate sovereigns for an act that infringes the penal laws of each is permissible (see, e.g., United States v Wheeler 435 US 313; People v Abbamonte, 43 NY2d 74; but see United States v Grimes, 641 F2d 96, 100-104).
Our concern, then, is solely with the protections afforded by CPL 40.20, which legislatively nullifies the “dual sovereign” doctrine in this State (People v Abbamonte, supra, p 81).* *3[4] With certain exceptions, subdivision 2 of that section provides that “[a] person may not be separately prosecuted for two offenses based upon the same act or criminal transaction”. As we observed in Abbamonte (pp 81-82), “absent the statutory exceptions, no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct”. Further, it is the fact of the prior prosecution, not the result, which triggers the statutory protection (see CPL 40.30, subd 1; cf. Crist v Bretz, 437 US 28).
The People do not dispute that both the Maryland prosecution and the present indictment stem from the same “criminal transaction”, defined as “two or more or a group of acts either (a) so closely related and connected in point *414 of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10, subd 2).[5] Rather, it is contended that the present prosecution falls within the exception contained in CPL 40.20 (subd 2, par [b]), which reads, “Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”.[6] We disagree.
As noted, the prosecution in Maryland was for conspiracy, which we have had occasion to observe is a “ ‘crime * * * embracing] all of the overt acts and substantive crimes in the persisting criminal enterprise’” (People v Vera, 47 NY2d 825, 826, quoting People v Abbamonte, 43 NY2d 74, 85, supra). So, while Maryland law does not appear to require an overt act to complete the offense (Wilson v State, 8 Md App 653, 671), it does permit the same punishment as that proscribed for the object crime to which a conspiracy is directed (Ann Code of Md, art 27, § 38; Jones v State, 8 Md App 370), in this case life imprisonment (Ann Code of Md, art 27, § 413). Clearly, then, both the Maryland prosecution, based though it was on that State’s conspiracy statute, and the present prosecution for murder under this State’s laws were directed at a like goal; punishment for the unlawful taking of a particular human life (cf. Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 567, supra). Put another way, in light of the fact that the “governmental interests” are the same in both prosecutions, the statutory *415 exception is inapplicable (see Commonwealth v Grazier, 481 Pa 622, 631).
Moreover, we cannot accept the notion, pressed by the People, that the statutory - term “harm or evil” is to be governed by the geographical extent of the police power. It was purely fortuitous that in our prior decisions a geographical overlap existed between the two prosecuting authorities (see People v Vera, 47 NY2d 825, supra; People v Abbamonte, 43 NY2d 74, supra; Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, supra; and Matter of Cirillo v Justices of Supreme Ct. of State of N. Y., 34 NY2d 990, affg 43 AD2d 4 [all involving Federal narcotics conspiracies]).
The decision in Matter of Kessler v Sherman (41 NY2d 851), which did not involve a conspiracy prosecution, was not the result of a divergent analytical course.[7] There, the interest in environmental protection expressed in the State Tidal Wetlands Act was found “to differ materially in scope and purpose” from that embraced in the wetlands ordinance of the Town of Shelter Island. The court also was of the view that the lack of a State permit did not violate the town ordinance which petitioner was charged with violating by acting without a permit from the town board. Concluding from this that the governmental interests were different, a second prosecution was permitted (see Commonwealth v Grazier, 481 Pa 622, 631, supra). Moreover, the petitioner in Kessler could have easily moved to consolidate the two accusatory instruments filed in that case and thus avoided separate trials.[8] So circumstanced, this failure to do so amounted to a waiver of his right to mandatory joinder (CPL 40.40; People v Dean, 56 AD2d 242, 246, affd 45 NY2d 651).
On this rationale, the judgment of the Appellate Division should be affirmed.

. Wise is not a party to this appeal.

. This procedural disposition flows, from the fact that, while the Constitution may require that appellate review of double jeopardy challenges must precede trial in order to afford an accused the “full protection” of the defense (Abney v United States, 431 US 651, 662), the Criminal Procedure Law does not provide for such review (see CPL 450.10). An aggrieved defendant may, however, as here, seek review in the Appellate Division by way of an article 78 proceeding (see, e.g., Hall v Potoker, 49 NY2d 501, 505, n 1; *413 Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 564) irrespective of the fact that he has made a motion to dismiss in the trial court (cf. Matter of Bondi v Jones, 40 NY2d 8). Thus, realistically viewed, the article 78 proceeding provides a mechanism for immediate appellate review of an otherwise nonappealable order (cf. People ex rel Rosenthal v Wolfson, 48 NY2d 230, 232).

. The dissenting Justice at the Appellate Division voted to deny the application for the reasons stated by Criminal Term.

. In light of our disposition, we have no occasion to measure petitioner’s contentions against the guarantee of the New York Constitution (NY Const, art I, § 6; see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL art 40, p 102).

. Although not without criticism (see Ashe v Swenson, 397 US 436, 453-455 [Brennan, J., concurring]; Sigler, Double Jeopardy, pp 222-228), the Fifth Amendment to the Federal Constitution has been construed to merely preclude retrial of the same “offense”; a second trial for an act arising from a particular episode is permissible if the second prosecution requires proof of an element not required in the first prosecution (Brown v Ohio, 432 US 161; United States v Brooklier, 637 F2d 620).

. While we are not bound by the parties’ formulation of the issues (see Rentaways, Inc. v O’Neill Milk & Cream, Co., 308 NY 342, 349; cf. People v Berrios, 28 NY2d 361, 367-368), we agree that this exception is the only one relevant to this appeal.

. As the Appellate Division observed below, Kessler, a memorandum decision, must be confined to its facts.

. Both accusatory instruments had been transferred to one court. There was no motion to consolidate. Trial on the town violation took place first (see 51 AD2d 52, 53).