Jasen, J.
(dissenting). This appeal presents the question whether prosecution of petitioner in New York for the murder of Robert Addison is barred under CPL 40.20 (subd 2) by reason of petitioner’s prior acquittal in Maryland for conspiracy to commit the same murder. At issue is whether the New York murder statute (Penal Law, § 125.25) and the Maryland law of conspiracy “are designed to prevent very different kinds of harm or evil” (CPL 40.20, subd 2, par [b]). In my view, prosecution of petitioner in New York is not barred by the statutory double jeopardy provision and, therefore, I respectfully dissent.
The facts are undisputed. On February 17, 1979, Robert Addison was shot and killed in New York City. On April 12,1979, petitioner was indicted in Maryland upon a charge of conspiracy to commit murder. The Maryland indictment alleged that petitioner had conspired with one Dennis Wise and Howard Lockwood “wilfully and of deliberately premeditated malice aforethought to kill and murder” Addison. Thereafter, in May, 1979, petitioner, Wise and Lockwood were indicted in New York and charged with murder in the second degree. (See Penal Law, § 125.25.) The New York indictment alleged that petitioner and the other two defendants, “with intent to cause the death of Robert Addison, caused the death of Robert Addison by shooting him with a shotgun.” On September 26, 1979, a Maryland jury acquitted petitioner of the conspiracy charge. In January, 1980, petitioner was arrested in Maryland and brought to New York to be tried on the pending charge of murder in the second degree.
In Supreme Court, New York County, petitioner moved to dismiss the New York murder indictment on the ground that the prosecution was barred by reason of the previous Maryland acquittal on the conspiracy charge. (See CPL 40.20, subd 2.) Petitioner’s motion to dismiss was denied. The court, in an opinion by Justice Altman, held that, although the Maryland and New York indictments grew out of the same criminal transaction, the New York indictment fell within the statutory exception of CPL 40.20 (subd 2, par [b]) permitting prosecution in New York. Justice *417 Altman reasoned that the “two prosecutions involved are in fact intended to combat very different kinds of harm or evil” and “that they differ materially in scope and purpose.” (104 Mise 2d 114, 119.) Therefore, Justice Altman concluded that the New York murder prosecution was not barred by reason of the prior acquittal on the Maryland conspiracy charge.
Petitioner then instituted the present article 78 proceeding seeking to prohibit his prosecution on the New York murder indictment. The Appellate Division, one Justice dissenting, granted the petition and ordered that the indictment against petitioner be dismissed. The court held that petitioner could not be prosecuted in New York on charges arising out of Addison’s murder because of the prior Maryland acquittal on the conspiracy charge. The Appellate Division reasoned that both statutes under which petitioner was indicted (see Ann Code of Md, art 27, § 38; New York Penal Law, § 125.25) were aimed at preventing murder and, therefore, the exception to the bar to successive prosecutions found in CPL 40.20 (subd 2, par [b]) was inapplicable and the New York indictment had to be dismissed.
On appeal to this court, the majority affirms the dismissal of the New York murder indictment lodged against petitioner on the ground that the Maryland and New York prosecutions are “directed at a like goal: punishment for the unlawful taking of a particular human life”. According to the majority, “in light of the fact that the ‘governmental interests’ are the same in both prosecutions,” the statutory exception to the double jeopardy provision embodied in CPL 40.20 (subd 2, par [b]) is inapplicable in the present case. I cannot agree.
As the majority correctly notes, the double jeopardy clause of the Fifth Amendment of the United States Constitution is not relevant to the instant case. As pronounced by the Supreme Court, the “dual sovereign” doctrine clearly permits successive prosecutions by different States based upon the same transaction or event. (See United States v Wheeler, 435 US 313; Abbate v United States, 359 US 187; United States v Lanza, 260 US 377.) Thus, we are concerned solely with an application of the New York statutory double jeopardy provision. (See CPL 40.20.)
*418 The statute in issue provides that a “person may not be separately prosecuted for two offenses based upon the same act or criminal transaction.” (CPL 40.20, subd 2.) The statute then lists six exceptions to this general prohibition against successive prosecutions. The People rely on the exception found in CPL 40.20 (subd 2, par [b]), which permits successive prosecutions when: “Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil”. (Emphasis supplied.)
It is clear that the Maryland and New York prosecutions are based upon the same “criminal transaction” as that term is defined in CPL 40.10 (subd 2). Moreover, the Maryland and New York offenses contain an element not found in the other. The New York statute (Penal Law, § 125.25) requires an accomplished murder, while the gist of the Maryland offense is an unlawful combination or agreement and, under Maryland law, no overt act in furtherance of the conspiracy need be committed. (See, e.g., Piracci v State, 207 Md 499; Hurwitz v State, 200 Md 578.) Thus, prosecution of the defendant in New York would be permitted if the two offenses involved “are designed to prevent very different kinds of harm or evil”. (CPL 40.20, subd 2, par [b].) In my view, the two laws in issue are aimed at deterring two distinct types of criminal activity.
The evil which the New York statute strives to avoid is, of course, readily ascertainable. Section 125.25 of the Penal Law clearly seeks to prevent the intentional murder of another person. On the other hand, the evil which the Maryland law of conspiracy aims to proscribe is not so apparent. In this regard, reference to the law of Maryland is somewhat enlightening.
In Maryland, conspiracy is a common-law offense (Archer v State, 145 Md 128) for which the degree of punishment cannot exceed the maximum penalty authorized for completion of the crime which serves as the object of the conspiracy. (Ann Code of Md, art 27, § 38.) The gist of the Maryland offense is the unlawful combination *419 resulting from the agreement and, as mentioned earlier, no overt act need be accomplished in order to commit the crime. (Greenwald v State, 221 Md 245; Piracci v State, 207 Md 499, supra; Quaglione v State, 15 Md App 571; Jones v State, 8 Md App 370.) Indeed, as one Maryland court has noted, it is not accomplishment of the object of the illegal agreement which poses the harm to the peace and order of Maryland, but rather “it is the existence of the conspiracy which creates the danger.” (Regle v State, 9 Md App 346, 351 [emphasis in original].)
Thus, the Maryland law of conspiracy serves as a general prohibition against illegal agreements of all kinds without regard to the particular object sought to be achieved. This offense, as defined by the courts entrusted with its application, is designed to deter the formation of an unlawful combination and not the doing of a particular act such as murder. So viewed, the law of conspiracy in Maryland is aimed at preventing a very different kind of harm than that which the New York murder statute prohibits. In short, it is the mere existence of the conspiracy to commit any crime which creates the danger which the Maryland law aims to protect against, while it is the act of killing which is the evil which the New York law seeks to prohibit.*
Nor can I accept the majority’s conclusion that “the ‘governmental interests’ are the same” in both the Maryland and New York prosecutions. New York and Maryland are two distinct geographic jurisdictions situated hundreds of miles apart which have interests separate and apart from one another in terms of prohibiting criminal conduct within their respective boundaries. Clearly, Maryland could not have prosecuted petitioner for the actual murder which occurred in New York. (See Goodman v State, 237 Md 64.) And, had the conspiracy terminated immediately after the agreement was reached and thereby remained wholly in *420 Maryland, New York could not have prosecuted petitioner solely for his involvement in the Maryland conspiracy. As was aptly noted by Justice Altman : “The Maryland crime was completed when the unlawful agreement was reached in Maryland. At that time no act had yet been committed in New York and Mr. Addison was alive. Clearly, the harm or evil sought to be prevented in Maryland had been accomplished. The harm or evil sought to be averted in New York had not yet taken place. A completed crime had taken place in Maryland which could only be prosecuted in Maryland and not in New York and no crime had taken place in New York. If it were to be held that the statutes were directed at the same kind of harm or evil, it would follow that, at the conclusion of the unlawful conspiracy in Maryland, New York had no interest in whether Mr. Addison lived or died. This clearly cannot be true.” (104 Mise 2d 114, 120.)
In enacting CPL article 40, the Legislature abandoned, for the most part, the “dual sovereign” doctrine, thereby relinquishing this State’s ability to prosecute those previously tried in another jurisdiction for essentially the same criminal conduct. In so doing, however, the Legislature, by providing certain exceptions to the statutory double jeopardy provision, recognized that New York retained a continuing interest in enforcing its own laws where the prior out-of-State prosecution does not serve as the functional equivalent for prosecution within this State. Such is the case here. The prior Maryland prosecution, aimed only at conduct which took place within Maryland and in which the fact .of an actual murder occurring in New York was irrelevant, does not bar petitioner’s prosecution in New York for the crime of murder. The two prosecutions are aimed at preventing “very different kinds of harm or evil” and, thus, fall within the exception to the statutory double jeopardy provision found in CPL 40.20 (subd 2, par [b]).
Accordingly, I would reverse the grant of prohibition in this case and reinstate the indictment against petitioner.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Meyer concur with Judge Fuchsberg;
*421 Judge Jasen dissents and votes to reverse in a separate opinion.
Judgment affirmed, with costs.

 I find the majority’s reliance on such cases as People v Abbamonte (43 NY2d 74) and People v Vera (47 NY2d 825) to be misplaced. These cases concerned the exception to the statutory double jeopardy provision found in GPL 40.20 (subd 2, par [a]) and not the exception at issue herein. As such, Abbamonte and Vera provide little guidance in ascertaining whether the Maryland law of conspiracy is designed to discourage a harm or evil different from the New York murder statute.