■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEE MABRY, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered April 1, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree. ¶ Defendant challenges his State prosecution for the crimes of forgery in the second degree and criminal possession of a forged instrument in the second degree on the grounds that a Federal prosecution and conviction of

defendant for mail fraud and theft of mail matter bars the State indictment pursuant to the double jeopardy provisions of both the United States and New York State Constitutions. We find defendant's challenge lacking in merit and affirm his judgment of conviction. ¶ Defendant was indicted in Sullivan County on 11 counts of forgery in the second degree and 11 counts of criminal possession of a forged instrument in the second degree. Defendant was indicted as well in Federal court on one count of knowingly possessing items stolen from the mail and on 14 counts of using the mails to obtain property by fraud. Defendant pleaded guilty to all counts of the Federal indictment on July 22, 1981 and was sentenced to time served on August 27, 1981. On July 30, 1982, following the denial of his motion to dismiss the indictment, defendant pleaded guilty to Count No. 12 of the State indictment involving forgery of a check made to "Silver Dollar Collectors Club" for $179.95. This check was also the subject of Count No. 12 of the Federal indictment. Nine of the same checks were listed on both the Federal and State indictments. Counts Nos. 10, 11, 21 and 22 of the State indictment refer to checks and charges of forgery that do not appear in the Federal indictment. Defendant was sentenced by the State court on April 1, 1983 to a maximum prison term of five years and a minimum term of two and one-half years. ¶ Defendant cites no authority for his contention that Federal constitutional prohibitions against double jeopardy foreclose this State prosecution. Under the "dual sovereignty" doctrine, a subsequent State prosecution for an infringement of State penal law, even if based on the same facts and conduct underlying the prior Federal prosecution, is permitted (see *Bartkus v Illinois,* 359 US 121; *Matter of Wiley v Altman,* 52 NY2d 410; *People v Abbamonte,* 43 NY2d 74). This contention is thus to no avail. ¶ The " 'dual sovereignty' " doctrine has been abrogated in New York State, however (see *Matter of Wiley v Altman, supra,* p 413). CPL 40.20 (subd 2) prohibits the second prosecution for offenses based upon the same act or criminal transaction, with six exceptions to the general prohibition against further prosecutions. Defendant contends that his prosecution in the instant case is barred by CPL 40.20 (subd 2), and only two of the exceptions contained therein are relevant to this appeal. ¶ Under the first exception (CPL 40.20, subd 2, par [a]), the subsequent prosecution is not barred when "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other". To establish the Federal crime of theft of mail matter, there must be proof that defendant stole mail from a mail receptacle (see US Code, tit 18, § 1708). To prove mail fraud, all that need be shown is that defendant devised or intended to devise a scheme to defraud and placed in a post office or depository any matter to be delivered by the Postal Service (see US Code, tit 18, § 1341). ¶ In contrast, to establish the State charge of forgery in the second degree, all that is necessary of proof is that defendant falsely made, completed or altered a written instrument, in this case a check (Penal Law, § 170.10, subd 1). For the crime of possession of a forged instrument in the second degree, it is necessary to prove that defendant, with knowledge that the instrument was forged and with intent to defraud, uttered or possessed the instrument (Penal Law, § 170.25). Although the Federal offense of mail fraud, like the State offenses, includes the element of "intent to defraud", it is not necessary to establish any of the other elements of the State offenses to establish the Federal offense. In proving the State charges, on the other hand, mail fraud need not be established. The same holds true for the Federal crime of theft of mail matter. It is not necessary to prove any of the elements of the State crimes to prove this Federal crime, nor is it necessary to prove any of the elements of the Federal crime to prove the State crime. It is clear, then, that the offenses charged in the State indictment fall within the exception of CPL 40.20 (subd 2, par [a]), and

State prosecution thereof is not barred. We need not then address the question whether the second relevant exception under CPL 40.20 (subd 2, par [b]) is applicable. ¶ Further, defendant's attempt to analogize the Federal crime of mail fraud with the Federal crime of conspiracy is logically unavailing. Fraud does not take in and include all the overt acts and substantive crimes of the criminal enterprise as does conspiracy (see *People v Abbamonte, supra*). ¶ Finally, we find that defendant's claim that his sentence was unduly harsh or excessive should be rejected. What is an appropriate sentence rests most suitably in the hands of the sentencing court and should be left undisturbed absent a showing of extraordinary circumstances (see *People v Hochberg, 62 AD2d 239, 251*). None are here discernible. Defendant's extensive record and the seriousness of the offense does not justify the exercise of our discretion. ¶ Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.