■ In the Matter of MARVIN B. KAPLAN et al., Petitioners, v DAVID S. RITTER et al., Respondents.—Writ of prohibition pursuant to CPLR article 78 granted barring the prosecution of indictment 1913/86 as a violation of double jeopardy, in accordance with CPL 40.10 and 40.20, to the extent of count 1 for the violation of section 340 of the General Business Law, commonly called the Donnelly Act, the second count for conspiracy in the fifth degree in violation of Penal Law § 105.05 and counts 22 and 23 for grand larceny in the second degree for violation of Penal Law § 155.35, counts 24 and 25 for bribery in the second degree in violation of Penal Law § 200.00 and counts 26 and 27 for bribe receiving in the second degree in violation of Penal Law § 200.10, and otherwise denied, without costs.

Some background to this matter can be gleaned by reference to *Morgenthau v Citisource, Inc.* (68 NY2d 211) and the disciplinary proceeding in *Matter of Friedman* (127 AD2d 331). The petitioners were tried and convicted, among others, in the Federal court on one count of violating the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 USC) § 1962 (c) and one count of conspiracy to violate RICO (18 USC) § 1962 (d).

Petitioners contend that prior jeopardy attached under the Criminal Procedure Law as to the 27 counts of the pending State indictment. They point out that Federal and State prosecutors cooperated in the investigation and development of the criminal claims, and those criminal claims involve intertwined factual patterns. Therefore, petitioners conclude, the State and Federal indictments emerge from the same "criminal transaction". (CPL 40.10 [2].)

The People properly concede that counts 2 and 22 through 27 should be prohibited on the ground of double jeopardy. We are therefore concerned with count 1, the Donnelly Act, counts 3, 4 and 5 involving the Martin Act, section 352-c of the General Business Law, count 6 for offering a false instru-

ment for filing in the first degree in violation of Penal Law § 175.35, and counts 7 through 21 involving specific individuals or organizations that invested in Citisource, Inc.

The Donnelly Act in its reference here is the preclusion of competition in the award of a contract with the New York City Department of Transportation to provide a hand-held computerized summons issuing device.

The "RICO" claims, the equivalent of which are interdicted, would encompass this aspect.

On the other hand, the Martin Act is New York State's "Blue Sky" law and has to do with false representations in connection with the sale of securities. None of the individuals or organizations to which the securities were sold is mentioned in the Federal indictment.

Petitioners contend that *People v Abbamonte* (43 NY2d 74) applies here. *Abbamonte* held that "a substantive offense that could have been alleged and proved in support of a prior prosecution for conspiracy violates the CPL 40.20 (subd 2) prohibition against separate prosecution of offenses arising out of the same 'criminal transaction'." *(Supra,* at 79.)

An ordinary "Blue Sky" contention is not included in a "RICO" prosecution.

The gist of the Federal prosecution was the furthering of a racketeering enterprise against the City of New York and the public in general. The "Blue Sky" claim is specific in involving those to whom the investment opportunity was given. The victims are different. (CPL 40.20 [2] [e].)

Accordingly, the prosecution is barred of counts 1, 2 and 22 through 27, and the writ is otherwise denied. Concur—Kupferman, J. P., Sandler, Rosenberger and Wallach, JJ.