OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant moves for dismissal of the indictment on the *655 grounds that a Federal prosecution and acquittal bars the New York prosecution pursuant to the double jeopardy provisions of New York law (CPL 210.20 [1] [e]; 40.20). The particular facts of this case raise an issue of first impression.
In 1986 the defendant and four others were indicted in Bronx County for two counts of murder in the second degree, it being alleged that they killed two individuals in 1984.
In 1987, the defendant and 18 others were the subject of a Federal indictment in the Southern District of New York charging them with violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1961 et seq.).
It was alleged that Cooper was an associate of the "enterprise” whose main purpose was to distribute heroin and that he was employed by the "enterprise” as an assassin. It was alleged that it was his responsibility to execute individuals who posed a threat to the criminal enterprise. The specific homicides Cooper was accused of committing were the two murders set forth in the Bronx indictment and conspiracy to commit one of said murders.
In 1988, the Federal trial commenced. A Federal jury found Cooper not guilty of any violation of RICO. However, they did find that the Government had proved one of the predicate acts of murder beyond a reasonable doubt pursuant to a particular question posed to the jury. As one act alone is insufficient for a finding of guilt under RICO, Cooper was acquitted of all Federal charges.
The defendant now claims that since the Federal and State prosecutions are based upon the same acts the Federal trial should bar a subsequent trial in The Bronx.
It should be emphasized that defendant’s motion raises questions of State law only, not Federal law. As the Court of Appeals has stated:
"Under the 'dual sovereignties’ doctrine, successive State and Federal prosecutions based on the same transaction or conduct do not offend the double jeopardy prohibition * * *. The challenges raised turn, instead, on the application of CPL 40.20.
"Under CPL 40.20, not only is the 'dual sovereignties’ doctrine ignored, but double jeopardy protection is extended, generally, to offenses arising out of a common event. Unless one of the enumerated exceptions is made out, '[a] person may not be separately prosecuted for two offenses based upon the *656 same act or criminal transaction’ (CPL 40.20, subd 2).” (People v Abbamonte, 43 NY2d 74, 81.)
A 1986 amendment to CPL article 40 is, if applicable, dispositive of the issue.
The "Organized Crime Control Act” enacted by New York law in 1986, "sets forth the statutory double jeopardy rules to be applied in connection with prosecutions for 'enterprise corruption,’ a new crime defined in Penal Law Article 460, as well as for situations where persons have previously been prosecuted under similar legislation in other jurisdictions.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A [1989 Supp Pamph], CPL 40.50, at 149.)
The new law permits the subsequent State prosecution of a crime specifically included in the pattern of racketeering activity in a prior Federal prosecution. (CPL 40.20 [2] [h]; 40.50 [9].)
Though it may be argued that applying the 1986 law to this case does not violate any ex post facto concerns (see, People v Hudy, 73 NY2d 40), the court need not confront this question as it finds this situation resolved by one of the other exceptions set forth in CPL article 40 (cf., Matter of Kaplan v Ritter, 131 AD2d 398).
The earlier prosecution is not a bar to the second prosecution if, "Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil” (CPL 40.20 [2] [b]).
The New York and Federal statutes as defined each contain an element not found in the other.
The elements of the Federal RICO Act include not only two acts to establish a " 'pattern of racketeering activity’ ” but the Government must also prove the existence of an "enterprise”, that the enterprise engages in, or its activities affect, interstate commerce and that the defendant was associated with the enterprise (see, United States v Smith, 574 F2d 308, 310). These elements are not part of the New York offense.
Though in this case the elements of murder are also present within the RICO charge, the language of the statute must be carefully analyzed. The statute refers to "the offenses as defined” not the offense in the particular case.
The RICO statute as defined does not necessarily contain the elements of the New York murder statute. In proving *657 RICO, other elements may be used to support the charges. Therefore, the first requirement of the exception is met.
There is little question that the second requirement of the exception is met. The two statutes "are designed to prevent very different kinds of harm or evil.” The New York statute is designed to prevent the unlawful, intentional taking of a life.
The purpose of the Federal RICO Act is, "to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime.” (Organized Crime Control Act of 1970 § 1 [84 US Stat 922].)
Accordingly, the defendant’s motion to bar prosecution on double jeopardy grounds is denied.