■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONA M. HELMSLEY, Respondent. In the Matter of LEONA M. HELMSLEY, Petitioner, v JOHN A.K. BRADLEY et al., Respondents.—Order, Supreme Court, New York County (John A.K. Bradley, J.), entered May 17, 1990, which granted the defendant's motion pursuant to CPL 40.20 and 210.20 (1) (e) dismissing all counts of a 188-count indictment except for counts 141, 147, 160, 166, 171, 178, 179 and 182, unanimously affirmed. CPLR article 78 petition brought by the petitioner Leona M. Helmsley, to permanently prohibit the respondents from proceeding with prosecution of indictment No. 2506/88, is unanimously granted.

On March 31, 1988, the defendant Leona M. Helmsley, her husband Harry, and two Helmsley Organization executives were charged, in a 188-count indictment covering the period March 1, 1982 through December 31, 1986, with charging personal expenses to business entities controlled by the Helmsleys as if they were business expenses, and in connection therewith falsifying business records, filing false business and personal tax returns, and fraud. On April 14, 1988, Helmsley and her codefendants were charged, in a 47-count Federal indictment covering the period June 20, 1983 through October 1986, with conspiracy, Federal income tax invasion for the years 1983-1985, making false income tax returns for the years 1984-1985, aiding the filing of false Federal corporate tax returns, and 17 counts of mail fraud in which the fraudulent documents allegedly mailed were the same documents or classes of documents as those forming the basis for the State indictment.

The Federal charges were tried first, and culminated in convictions of defendant on 33 counts, and acquittal on eight counts. As pertinent to this appeal and article 78 petition, it matters not which counts she was convicted or acquitted of, since the principal determinative factor is whether the conduct forming the basis of the offenses charged in the Federal and State indictments was part of the same criminal transactions.

On December 20, 1989, defendant moved to dismiss the State indictment on the grounds that further State prosecution was barred by double jeopardy because it was based on the same acts or criminal transaction as the Federal indictment, immunity, and in the interest of justice. The court denied the *Clayton* and immunity motions, and granted the double jeopardy motion to the extent of dismissing 180 of the 188 counts. The People appeal from the dismissal of the 180

counts, and defendant seeks an order of prohibition against further prosecution of the remaining eight counts. The appeal and article 78 proceeding have been consolidated for our review.

As previously noted, the principal question raised by the People's appeal is whether the 180 dismissed counts were barred, as found by Justice Bradley, by CPL 40.20 (2). CPL 40.10 (2) defines "criminal transaction" to mean: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture." CPL 40.20 (2) provides:

"A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:

"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or

"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or * * *

"(e) Each offense involves * * * loss or other consequence to a different victim".

The defendant does not argue that the acts in the two indictments constitute a single criminal incident under CPL 40.10 (2) (a). Thus, the question is whether defendant's conduct, i.e., her "acts", was so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture, under CPL 40.10 (2) (b). We find that the court correctly determined with respect to the 180 dismissed counts that they were. The "venture" here was to renovate and decorate the Helmsleys' homes, partially at the expense of the taxpayers, by falsely claiming those personal expenses as business expenses of entities controlled by the Helmsleys. All that is required to block the State prosecution is that "the particular activity for which the State seeks to hold defendants responsible could have been alleged to support the [Federal charges]" *(People v Abbamonte,* 43 NY2d 74, 84). "[A]bsent the statutory exceptions, no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct" *(supra,* at 81-82).

An examination of the Federal conspiracy count reveals that the objects of that conspiracy, the means of the conspiracy, and the overt acts encompass or could have encompassed everything charged against the defendant in the State indictment, including the renovations and purchases for Dunnellen, creation of false documents, books and records, taking millions of dollars in fraudulent tax deductions on Federal and New York State income tax returns by Helmsley-controlled business entities, and New York State personal income tax returns.

In *Abbamonte,* the "criminal transaction was a single persisting criminal enterprise to purvey dangerous drugs" (43 NY2d, *supra,* at 84). Here, the enterprise or venture had as its object to pay personal expenditures through businesses using falsified business records and improper accounting, and defrauding Federal and State tax authorities and other parties necessarily affected by the false invoicing scheme. The *Abbamonte* court stated in this regard: "The public policy choice is either to avoid using the conspiracy alternative if double prosecution of offenders in criminal partnership is regarded as desirable, or to redefine the distinctions in CPL 40.20 to permit, in some manner, an exception for conspiracy along with other exceptions. Neither in policy nor logic should the accident of pleading allegations or proof upon the trial be determinative" (43 NY2d, *supra,* at 86). Since the acts charged in the State indictment either could have been alleged in the Federal case or were actually charged, all of the substantive counts should have been barred as constituting part of the same "criminal transaction" as defined in CPL 40.10 (2).

If the charges in the two indictments are based on the same criminal transaction, the next question is whether the exceptions of CPL 40.20 (2) (a) or (b) or (e) nevertheless permit the State prosecution. With regard to CPL 40.20 (2) (a), the People point out different elements in some of the Federal offenses as compared with the State offenses. However, for the CPL 40.20 (2) (a) exception to apply (permitting prosecution despite the same transaction), the offenses must have *substantially* different elements, *and* the acts establishing one offense must be *clearly* distinguishable from those establishing the other. The difference in the offenses is not substantially different, but even more striking is that the *acts* establishing the State offenses of conspiracy, falsification of business records, offering false instruments for filing, and schemes to defraud can hardly be said to be *clearly* distinguishable. They were at best

technically distinguishable in minor aspects, and for the most part identical.

The exception set forth in CPL 40.20 (2) (b) is also inapplicable, because despite the People's argument that the indictments charge different "evils" (e.g., cheating the Federal versus the State government of tax revenue), the statute requires that the statutory provisions defining the offenses must be "designed to prevent *very different kinds* of harm or evil" (emphasis added). There is nothing different *in kind* between the harms or evils sought to be prevented in the Federal and State statutes; much less can it be said that the harms or evils sought to be prevented are *very* different in kind.

The People urge that the "different victim" exception in CPL 40.20 (2) (e) would permit prosecution of all the State offenses except the 10 State charges (counts 142-144, 162-163, 165, 170, 172-173 and 179) charging violations of Penal Law § 175.35 (which involve the same 10 tax returns charged as mail fraud in counts 30-39 of the Federal indictment), and count 188 alleging fraud on Realesco minority shareholders. However, the Court of Appeals recently held that this exception applies "only when all of the offenses included in a prior prosecution involved specific, individually identifiable victims and the second prosecution arising from the same transaction involves other individual victims". *(Matter of Kaplan v Ritter,* 71 NY2d 222, 230.)

## The Article 78 Petition

As previously noted, the Supreme Court dismissed 180 out of 188 counts of the indictment filed against the defendant, leaving counts 141, 147, 160, 166, 171, 178, 179 and 182 intact. The court held that the State indictment is broader than the Federal indictment in that the State indictment charges a conspiracy beginning before the Federal conspiracy, and lasting after that conspiracy had ended, according to the dates in the Federal indictment. The court also noted that the State indictment relates not only to Dunnellen Hall, but also to a condominium in North Hills, New York and to the Park Lane Hotel. The court concluded that the counts relating to those matters are based on different acts and consequently they were not barred by the double jeopardy provisions of the CPL.

The People's principal argument in opposition to the article 78 petition is essentially that none of the eight remaining counts charges the defendant with a State offense based upon

the "same act or criminal transaction" as the Federal offenses for which she was convicted in Federal court. The People argue alternatively that if this court concludes that these offenses are part of the same criminal transaction for which she was convicted in Federal court, then the exceptions in CPL 40.20 (2) (a), (b) and (e) would permit prosecution of these counts. The People concede that these are precisely the same legal arguments the People advanced in appealing the dismissal of the other 180 counts of the State indictment.

The People point out that the criminal transaction charged in the State indictment commenced on or about March 1, 1982, which is some 15 months before the start of the transaction alleged in the Federal indictment. However, the remaining counts and the charges in the Federal indictment still charge the same criminal transaction, since all of those events were so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture as defined in CPL 40.10 (2).

Seven of the eight remaining counts concern the filing of false tax returns for various business entities, for the years 1983 through 1987, and the remaining count (number 141) involves the Helmsleys' 1982 personal tax return. Each count charges a violation of section 175.35 of the Penal Law (offering a false instrument for filing in the first degree) and each of the false instruments is a New York State tax return.

The determinative point with regard to the counts which were not dismissed is that each of them could have been set forth in the Federal conspiracy count, which arbitrarily limited the "false tax return" allegations to the years 1983-1985, and therefore dismissal of the remaining counts is required under *People v Abbamonte* (43 NY2d 74, 84, *supra).* The *Abbamonte* court noted *(supra,* at 83) that the double jeopardy statute does not hinge on a "procedural or pleading detail, manipulatable at the option of the prosecutor".

Similarly, the Federal indictment could also have alleged as separate mail fraud violations not only the 10 State tax returns which were charged in the Federal counts 30-39, but also the filing of each of the State tax returns charged in the remaining counts. It is notable that counts 34 and 35 of the Federal indictment charge that it was a part of the conspiracy alleged against Mrs. Helmsley and her codefendants that millions of dollars of expenditures for Dunnellen Hall falsely charged to business entities in the Helmsley Organization

"gave rise to millions of dollars of false and fraudulent tax deductions on the Federal and New York State income tax returns filed by those entities for the years 1983, 1984 and 1985"; and that "it was a further part of the conspiracy that the income to [the Helmsleys] represented by the payment of those expenditures for their personal estate by the business entities in the Helmsley Organization was fraudulently omitted from their Federal and New York State personal income tax returns for the years 1983, 1984 and 1985." Thus, the Federal conspiracy either did encompass and allege, or could have encompassed and alleged, each of the eight remaining counts. Prosecution of a substantive offense that could have been charged as an overt act in a prior conspiracy prosecution is barred in a later State prosecution as growing out of the same "criminal transaction" *(Matter of Mason v Rothwax,* 152 AD2d 272, 281, *lv denied* 75 NY2d 705). *Abbamonte* cautioned against the "manipulative extraction, for purposes of multiple prosecutions, of particular criminal acts from the scheme or pattern of which they were but parts" (43 NY2d, *supra,* at 85). There appears to be no reasonable basis for the allocation of a few acts to the State and not the Federal indictment, when every other aspect of the defendant's alleged scheme is charged in both indictments, except for the apparent purpose of reprosecuting the same scheme in State court.

Upon this view of the issues raised in the article 78 proceeding, we need not address petitioner Helmsley's alternative arguments that the eight remaining counts are barred by State and Federal constitutional double jeopardy provisions, the State immunity statutes (CPL 50.10 and 190.40), and the State and Federal constitutional protections against self-incrimination.

The order appealed from is affirmed, and the CPLR article 78 petition is granted to prohibit respondents from further prosecution of the remaining counts of indictment No. 2506/88. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.