THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
NORBERT HOLLIS VESPREY, Also Known as CHUNKY, and
MARK FOX, Also Known as JAMAICA MIKE, Respondents.

First Department, November 17, 1992

APPEARANCES OF COUNSEL

*Hector Gonzalez* of counsel *(Donald J. Siewert* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Polly N. Passonneau* for Norbert Hollis Vesprey, respondent.

*Robert M. Beecher* for Mark Fox, respondent.

### OPINION OF THE COURT

Asch, J.

On September 13, 1989, defendants and one Kevin Bruce used a stolen credit card to purchase merchandise at an A&S Department Store in Manhattan. Thereafter, defendants were indicted by a New York County Grand Jury, charged with numerous counts of grand larceny, criminal possession of stolen property, forgery and criminal possession of a forged instrument, all stemming from the Department Store transaction. In December 1989, during an unrelated Federal postal investigation in Brooklyn, defendants bought stolen credit cards from one Bernard Hayes and were indicted by a Federal Grand Jury in the Eastern District on one count of conspiracy to use unauthorized access devices in violation of 18 USC § 1029 (b) (2). This indictment charged that defendants, within the Eastern District of New York, conspired in the purchase

of stolen credit cards from December 27, 1989, to January 9, 1990.

Defendants moved to dismiss the New York County indictment on double jeopardy grounds contending that the September offenses in Manhattan and the December conspiracy in Brooklyn constituted one criminal transaction barring separate prosecution for the State offenses under CPL 40.20 (2). Initially, the Supreme Court denied the motion to dismiss, finding on the authority of *Matter of Mason v Rothwax* (152 AD2d 272, *lv denied* 75 NY2d 705), that the different indictments arose out of different transactions. Thereafter, the People made an application pursuant to *People v Ventimiglia* (52 NY2d 350) to admit Brooklyn conversations of defendants which attested to their acting in concert with respect to the Federal charges as a means of demonstrating that they were partners with respect to the New York County charge. Upon the defendants' renewed motion to dismiss on double jeopardy grounds, the court granted the motion upon the authority of *People v Helmsley* (170 AD2d 209). Subsequently, the court denied the People's motion for reconsideration and reaffirmed its dismissal of the indictment.

■ We note initially that the various charges herein do not violate the double jeopardy provision of the Federal and State Constitutions (US Const 5th Amend; NY Const, art I, § 6). However, New York statute law is more restrictive of allowable prosecutions than the applicable constitutional safeguards against double jeopardy. Upon this appeal, the defendant-respondents assert that since the overt acts charged in the New York County indictment were part of the same criminal venture which was the subject matter of the prosecution in the Federal District Court in the Eastern District, and the crimes charged in the instant indictment have substantially similar elements as those charged in the Federal indictment, that this prosecution is barred by the provisions of the New York statute—CPL 40.20.

CPL 40.20 reads in pertinent part, as follows:

"1. A person may not be twice prosecuted for the same offense.

"2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless:

"(a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other; or

"(b) Each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil; or * * *

"(e) Each offense involves death, injury, loss or other consequence to a different victim".

CPL 40.10 defines the terms "offense" and "criminal transaction" as used in section 40.20, as follows:

"1. 'Offense.' An 'offense' is committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense. The same conduct or criminal transaction also establishes separate and distinct offenses when, though violating only one statutory provision, it results in death, injury, loss or other consequences to two or more victims, and such result is an element of the offense as defined. In such case, as many offenses are committed as there are victims.

"2. 'Criminal transaction' means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture."

■ It is clear from an analysis of the above sections that there was no violation of the statutory bar to multiple prosecutions for the same offense. Thus, while Criminal Term found that the State and Federal indictments were part of the same criminal transaction, the plain language of the statute combined with the facts of this case compel the opposite conclusion.

A "criminal transaction" must be comprised of two or more acts either "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" or "so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2] [a], [b]). In this case, the crimes charged in the New York County indictment occurred on one day in September of 1989. The Federal indictment is concerned with acts of the defendants occurring some three months later, in late December 1989 and January

1990, when they began to purchase stolen credit cards in Brooklyn from Hayes. The acts, therefore, are not "closely related and connected in point of time". In addition, the different acts were also not so closely related and connected in "circumstance of commission". The gravamen of the Federal charges was the conspiracy to obtain stolen credit cards while the essence of the State charges is the fraudulent use of *other* stolen credit cards. The venue of the conspiracy alleged in the Federal indictment was Brooklyn where Hayes stole credit cards from the Post Office and sold them to defendants, and where the defendants admitted the agreement to purchase the stolen credit cards was made. However, the location of the crimes charged in the New York County indictment was solely in the Borough of Manhattan. Further, Bernard Hayes played an integral role in the Brooklyn crimes, but was completely absent and uninvolved in the commission of the Manhattan crimes.

Likewise, the different acts were not "so closely related in criminal purpose or objective as to constitute * * * a single criminal venture". While the defendants in both Brooklyn and Manhattan sought illegal gain from stolen credit cards, the fact that a criminal has the same modus operandi and commits the same type of crime should not insulate him from successive prosecutions for separate and subsequent offenses.

█ Even assuming, arguendo, that the foregoing analysis is inapplicable and that the definition of "criminal transaction" was met in this case, CPL 40.20 (2) (a) and (e) contain exceptions to any finding of double jeopardy where, in (a), "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other" and in (e), "[e]ach offense involves death, injury, loss or other consequence to a different victim".

The Federal indictment charged defendants with conspiracy to violate Federal law, which makes it unlawful to use or traffic stolen credit cards with fraudulent intent. The Federal charge simply required proof of the illicit agreement and an overt act. The New York County offenses charged were completely different. Thus, larceny is defined as when a defendant takes another's property wrongfully and with larcenous intent. Criminal possession of stolen property requires the knowing possession of stolen property with the intent to benefit oneself or another other than the owner, or to impede the owner's recovery. The crime of forgery in the second degree is

committed when the forger falsely makes, completes or alters a written instrument which evidences a legal right, interest or obligation, with fraudulent intent. Criminal possession of a forged instrument in the second degree is committed by possessing a forged instrument of a type defined in the Penal Law with the knowledge that it was forged together with the intent to defraud or deceive.

None of the elements of these State offenses is an element of the Federal conspiracy offense. In fact, the Federal conspiracy, which occurred months later in time than the overt acts in Manhattan, did not include an agreement to commit any of the State offenses. In addition, not one of the acts alleged in the State indictment were used by the Federal prosecutor as an "overt act" in furtherance of the conspiracy in the Federal indictment.

Moreover, the "different victim" exception of subdivision (2) paragraph (e) also applies. Criminal Term was in error when it found this exception inapplicable on the ground that the victim in the Federal indictment was the public at large from whom mail was stolen and the "mere specification of named victims" in the State prosecution did not automatically trigger the exception. Rather than simply asserting that the public at large had been harmed by the defendants, the Federal indictment alleged a conspiracy and in furtherance of that conspiracy that defendants had purchased stolen credit cards issued to M.T. Simms, Clarence Jones and Salvatore Colluci. The victims named in the New York County indictment were Marcille H. Lakos and James W. Montgomery. Thus, the "different victim" exception does apply. *(See, Matter of Kaplan v Ritter,* 71 NY2d 222, 230.)

Our prior decision in *People v Helmsley* (170 AD2d 209, *supra),* was erroneously relied upon by Criminal Term in reaching its conclusion that both the September and December crimes were part of the same criminal transaction, inasmuch as *Helmsley* presents entirely different facts. Thus, in *Helmsley,* both the Federal and State indictments charged conspiracies focusing on the defendants' efforts to renovate their residences. In this case, the Federal and State indictments focused on entirely different and discrete acts with no single purpose or over-all objective. As noted, the fact that a defendant commits the same *type* of crime in an ad seriatim fashion, will not insulate him from punishment for the successive crimes. Further, in *Helmsley* there was an overlapping period of three years as to both the Federal and State time

periods. In the instant case, the offenses charged in the New York County indictment took place over three months *before* the beginning of the conspiracy charged in the Federal indictment. Again, in *Helmsley* all the acts alleged in both the Federal and State indictments took place in Manhattan while in this case the discrete acts underlying the Federal indictment took place in Brooklyn while the acts which formed the basis of the New York County indictment took place in Manhattan.

Accordingly, the order of the Supreme Court, New York County (Renee A. White, J.), entered June 20, 1991, which denied the People-appellant's motion for reconsideration and reaffirmed its prior dismissal of the indictment pursuant to CPL 40.20 (2) on the basis of a parallel Federal proceeding, should be reversed, on the law, the motion granted and upon reconsideration the prior motion to dismiss the indictment denied, and the matter remanded for further proceedings.

CARRO, J. P., WALLACH and ROSS, JJ., concur.

Order of the Supreme Court, New York County, entered June 20, 1991, which denied the appellant's motion for reconsideration and reaffirmed its prior dismissal of the indictment pursuant to CPL 40.20 (2) on the basis of a parallel Federal proceeding, is reversed, on the law, the motion granted and upon reconsideration the prior motion to dismiss the indictment denied, and the matter remanded for further proceedings.