OPINION OF THE COURT
Bernard J. Fried, J.
The defendants were tried for the crime of enterprise corruption. (Penal Law § 460.20 [1] [a].) At the conclusion of the trial, defendants moved for a trial order of dismissal. I reserved decision on this motion (CPL 290.10 [1]), and, now, defendants also move to set aside the verdict pursuant to CPL 330.30.
The primary issue is whether, in an enterprise corruption trial, each criminal act alleged in the pattern of criminal activity must be corroborated pursuant to CPL 60.22. This issue arose throughout the course of this trial in the context of the statutory mandate of CPL 300.10 (6),[1] defendants’ motion for a trial order of dismissal pursuant to CPL 290.10, and in connection with my jury instructions, and requires close scrutiny of the application of New York’s accomplice corroboration requirement to the enterprise corruption statute.
To fully understand the issue involved, it is necessary to first refer to the enterprise corruption statute and New York’s ac *617 complice corroboration rule. According to Penal Law § 460.20 (1) (a), a defendant is guilty of enterprise corruption
"when, having knowledge of the existence of a criminal enterprise and the nature of its activities, and being employed by or associated with such enterprise, he:
"(a) intentionally conducts or participates in the affairs of an enterprise by participating in a pattern of criminal activity.” (Penal Law § 460.20 [1] [a].)
To establish a defendant’s participation in a pattern of criminal activity, the People are required to prove that the defendant, "with intent to participate in or advance the affairs of the criminal enterprise * * * engag[ed] in conduct constituting, or, is criminally liable for * * * at least three of the criminal acts included in the pattern [of criminal activity].” (Penal Law § 460.20 [2].)[2] Finally, Penal Law § 460.10 (1) enumerates the criminal acts that may be included in the pattern.
Regarding corroboration, the Criminal Procedure Law provides that "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense.” (CPL 60.22 [1].) This rule arose out of concern about the credibility of an accomplice witness, whose testimony at common law was "viewed * * * with a 'suspicious eye’.” (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 60.22, at 588.) It is clear that New York’s accomplice testimony rule does not require corroborating evidence to establish each element of an *618 offense; it just has to bind the accomplice evidence to the defendant. All that is required is sufficient nonaccomplice evidence to assure that the accomplice has offered credible probative evidence. (People v Breland, 83 NY2d 286, 293 [1994].) The role of accomplice corroboration, " 'is to connect the defendant with the commission of the crime, not to prove he committed it’.” (Practice Commentaries, op. cit., at 589 [emphasis added].)
It is alleged in the indictment that the defendants participated in a pattern of criminal activity as associates of the Colombo Crime Family of La Cosa Nostra. The following criminal acts were included in the pattern of criminal activity: conspiracy, second degree; robbery, first degree; grand larceny, second degree by extortion; grand larceny, fourth degree; and coercion, first degree. At trial, to establish the defendants’ participation in these criminal acts, the People presented, among other evidence, testimony from various members and associates of the Colombo Crime Family, who were accomplices as a matter of law, as well as testimony from another witness as to whom there was a factual issue of whether or not he was an accomplice.
Because the People’s proof concerning the criminal acts consisted, in part, of accomplice testimony, the defendants argued that CPL 60.22 required corroboration for each criminal act before they could be found to have committed such acts. The argument is that since Penal Law § 460.20 requires proof that a defendant committed three criminal acts, and since the criminal acts consist of various criminal offenses, where a defendant’s commission of a criminal act was established by accomplice testimony, CPL 60.22 required independent evidence tending to connect the defendant to the commission of that particular criminal act. The People, on the other hand, argued that CPL 60.22 only applies to convictions of an offense, and a criminal act is not an "offense,” nor is the determination that a defendant committed a criminal act a "conviction.” According to the People, the requirement to prove a pattern of criminal activity is merely an element of the crime of enterprise corruption. Therefore, corroborating evidence is not required to support each criminal act alleged in the pattern of criminal activity. Rather, it is argued, what is required is corroborating evidence which tends to connect the defendant to the crime of enterprise corruption.
After analysis of New York’s accomplice testimony rule, I reject the defendants’ argument and conclude that corroborating evidence is not required to connect a defendant to the com *619 mission of each criminal act alleged, in the pattern of criminal activity. This is evident from a mere reading of CPL 60.22, which only applies to a "convict[ion]” of an "offense.” (See, Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987] [section 60.22 is limited in its application to criminal prosecutions and does not by its terms apply to police disciplinary hearings]; People v Bartolomeo, 53 NY2d 225, 235 [1981] [Court refused to extend accomplice testimony rule to establishment of probable cause for the issuance of a search warrant]; People v Riley, 95 AD2d 926, 927 [1983] [section 60.22 only applies to convictions, not determinations of probable cause for defendant’s arrest].)
First, it is obvious that the criminal acts alleged in the pattern of criminal activity are not "offenses,” in the sense used in CPL 60.22. An "Offense” is defined in Penal Law § 10.00 (1) as follows: "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.” Although Penal Law § 460.10 defines a " 'Criminal act’ ” as conduct constituting the enumerated crimes, there is no "sentence to a term of imprisonment” or "fine” provided upon the determination that a defendant committed a criminal act alleged in an enterprise corruption charge. A sentence can only be imposed upon the determination that the defendant is guilty of the crime of enterprise corruption, not upon a finding that the defendant has committed a specified criminal act. This self-evident statement needs no further explanation.
Indeed, the Legislature has treated criminal acts differently from criminal offenses in various statutory sections of the Penal and Criminal Procedure Laws. For instance, pursuant to Penal Law § 460.40 (2), a county has jurisdiction to prosecute an enterprise corruption charge in any county in which any of the pattern acts could have been prosecuted; venue is not required for each and every criminal act alleged in an enterprise corruption charge. In order to obtain a conviction for an offense, however, there must be jurisdiction for that offense in the county in which the defendant is charged with that offense. (See, CPL 20.40.) Similar differences are found with respect to Statute of Limitations[3] and double jeopardy[4] principles. Clearly, a criminal act, as alleged in an enterprise corruption charge, is not the equivalent of an "offense.”
*620 Second, a determination that a defendant committed a criminal act is not a "conviction.” CPL 1.20 (13) defines " 'Conviction* ” as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument.” Although the enterprise corruption statute requires proof that a defendant committed three or more criminal acts, as discussed above, a criminal act does not constitute an "offense.” Thus, a determination that a defendant committed a criminal act is not "a verdict * * * upon * * * an accusatory instrument” or "count[ ] * * * of such instrument.”* **"[5] (CPL 1.20 [13].) Rather, it is merely a determination of whether the People have proven or failed to prove an essential element of the crime of enterprise corruption.
Having determined that a criminal act is not an "offense,” nor is a finding that a defendant committed a criminal act a *621 "conviction,” I conclude that CPL 60.22, by its own terms, does not require corroboration to support each criminal act alleged in the pattern of criminal activity. Further support for this conclusion is found throughout various sections of the Penal and Criminal Procedure Laws, where the Legislature has expressly incorporated a corroboration requirement as part of the proof of certain crimes and as a safeguard against testimony from particular kinds of witnesses. (Penal Law §§ 130.16 [sex offenses; corroboration], 255.30 [adultery and incest; corroboration], 260.11 [endangering the welfare of a child; corroboration], 210.50 [perjury and related offenses; requirement of corroboration], 60.20 [3] [rules of evidence; testimonial capacity; evidence given by children]; 60.50 [rules of evidence; statements of defendants; corroboration].) Moreover, in 1983 the Legislature specifically amended CPL 190.65 (1) (L 1983, ch 28) in order to make these corroboration requirements applicable to Grand Jury indictments.[6] What these provisions make clear is that when the Legislature intends corroboration rules to apply, it knows how to expressly provide for it. Thus, that the Legislature expressly provided for corroboration in the above provisions, and did not do so in Penal Law § 460.20 or CPL 300.10 (6), provides further support for the conclusion that accomplice corroboration is not required for each criminal act alleged in the pattern of criminal activity. Had the Legislature intended for the accomplice corroboration requirement to apply to each criminal act alleged in the pattern of criminal activity, it would have been provided for in the statute.[7]
The concerns underlying the accomplice corroboration requirement do not mandate a different result. Clearly, a defendant may not be convicted for the crime of enterprise corruption solely upon the testimony of an accomplice. This, however, does not require extension of CPL 60.22 to each criminal act alleged in the pattern of criminal activity. As discussed, the accomplice corroboration rule does not require corroborating evidence to establish each element of an offense, all that is required is " 'some nonaccomplice evidence "fairly tending to connect the defendant with the commission of the *622 crime” (People v Breland, 83 NY2d, at 294, supra.) Thus, in order to sustain a conviction, there must be independent evidence which tends to connect the defendant to the crime of enterprise corruption.
Nor does CPL 300.10 (6) require corroboration for each criminal act alleged in the pattern of criminal activity. This statutory scheme (see, n 1, supra) requires that the Trial Judge, prior to submission of the indictment to the jury, examine the evidence to determine if there is "legally sufficient” evidence to support each of the criminal acts alleged in the pattern of criminal activity. If the evidence is not "legally sufficient” with regard to any particular criminal act, then that act must be dismissed and stricken from the indictment. Acts which are so supported must be submitted to the jury, with instructions that they are to render a "special verdict” with regard to each act.
" 'Legally sufficient evidence’ ” is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” (CPL 70.10 [1].) The question thus becomes whether corroboration is "required by law” to support each criminal act alleged in the pattern of criminal activity in order for that criminal act to be supported by legally sufficient evidence. This question, under the circumstances of this case, leads back to CPL 60.22 to determine if corroboration is "required by law.” As I have determined above, corroboration of each criminal act is not required. Thus, CPL 300.10 (6)’s reference to "legally sufficient * * * evidence” means just that there must be competent evidence to establish a particular act before it can be submitted to the jury "for [its] consideration.” And it is basic that the phrase "Competent evidence” means "relevant evidence which is not subject to * * * any exclusionary rule.”. (Richardson, Evidence § 4 [Prince 10th ed].) Thus, the words "competent evidence” do not import any additional evidentiary requirement.
Accordingly, the jury was not required to be instructed that accomplice corroboration was required for each criminal act alleged in the pattern of criminal activity. As discussed, CPL 60.22 does not require corroboration to support each criminal act; what is required is corroborating evidence which tends to connect the defendant to the crime of enterprise corruption. *623 Defendants’ motions for a trial order of dismissal (and related requests to set aside the verdict on this ground) are, therefore, denied.
[Portions of opinion omitted for purposes of publication.]

. CPL 300.10 (6) requires the court, in an enterprise corruption case, to: "specifically designate and separately submit for jury consideration those criminal acts which are contained and charged in the indictment and which are supported by legally sufficient trial evidence. Every criminal act which is not so supported shall be dismissed and stricken from the indictment * * * [The court] must instruct the jury to render a verdict separately and specifically upon each criminal act (and where necessary, any submitted lesser included offense) submitted to it with respect to each defendant.”

. Penal Law § 460.20 (2) also requires that:
"(a) Two of [the defendant’s] acts are felonies other than conspiracy;
"(b) Two of [the defendant’s] acts, one of which is a felony, occurred within five years of the commencement of the criminal action; and
"(c) Each of [the defendant’s] acts occurred within three years of a prior act.”
A " 'Pattern of criminal activity’ ” is defined as "conduct engaged in by persons charged in an enterprise corruption count constituting three or more criminal acts that:
"(a) were committed within ten years of the commencement of the criminal action;
"(b) are neither isolated incidents, nor so closely related and connected in point of time or circumstance of commission as to constitute a criminal offense or criminal transaction * * * and
"(c) are either: (i) related to one another through a common scheme or plan or (ii) were committed, solicited, requested, importuned or intentionally aided by persons acting with the mental culpability required for the commission thereof and associated with or in the criminal enterprise”. (Penal Law § 460.10 [4].)

. Compare, CPL 30.10 (2) (b) (commencement of a prosecution for a felony must be within five years of its commission), with Penal Law § 460.10 (4) (a) (criminal acts occurring within 10 years of the commencement of the crim *620 inal action may be included in the pattern of criminal activity) and Penal Law § 460.20 (2) (b) (a person participates in a pattern of criminal activity when he commits three of the criminal acts included in the pattern, provided that two of his acts, one of which is a felony, occurred within five years of the commencement of the criminal action).

. CPL 40.50 (2) allows prosecution for enterprise corruption where up to two of the three pattern acts with which a person is charged have already been prosecuted as substantive crimes, as long as earlier prosecutions resulted in conviction. (Compare, CPL 40.20 [1] ["A person may not be twice prosecuted for the same offense”], with CPL 40.50 [3] [allows subsequent prosecution of a class A felony that was included as a pattern act in a previous enterprise corruption prosecution if that offense was not prosecutable in the accusatory instrument in which the person was charged with enterprise corruption]; see also, CPL 40.50 [8] [allows subsequent prosecution of a substantive crime previously prosecuted as pattern act where the court severed the counts before trial].)

. The use of the term "verdict” in CPL 300.10 (6), i.e., "[the court] must instruct the jury to render a verdict separately and specifically upon each criminal act * * * submitted to it with respect to each defendant,” does not warrant a different conclusion. The term "verdict” was not meant to connote a verdict of conviction as defined in CPL 1.20 (12), but rather refers to a "special verdict.” This becomes clear when CPL 300.10 (6) is read in connection with CPL 310.50 (4), which provides that: "In a prosecution involving a charge of enterprise corruption * * * the jury must separately and specifically render a special verdict with regard to each criminal act and any lesser included offense submitted for its consideration as part of a pattern of criminal activity in addition to its verdict on the charge of enterprise corruption. In the absence of a unanimous special verdict of guilty with regard to each of at least three criminal acts and/or lesser included offenses submitted for its consideration and legally sufficient to constitute a person’s participation in a pattern of criminal activity * * * the court must order that the verdict on the count charging enterprise corruption be recorded as an acquittal” (emphasis added).

. CPL 190.65 (1) was amended to include the phrase: “provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent.”

. It is noteworthy that the legislative history, including the Bill Jacket and memorandum in support, is silent with respect to accomplice corroboration.