OPINION OF THE COURT
Arthur J. Cooperman, J.
Defendant is charged with the crimes of enterprise corruption, conspiracy in the fifth degree and unregistered vehicle *389 dismantler. It is alleged that defendant, as a participant in the enterprise corruption, falsely reported the theft of two automobiles to two insurance companies for monetary gain. The conspiracy charge relates to an unregistered vehicle dismantling operation, as does the third count.
In his omnibus motion he seeks inspection of the Grand Jury minutes and dismissal of the indictment.
The motion is granted to the extent only that the court has inspected the Grand Jury minutes. Upon examination of the Grand Jury minutes, the court finds that the evidence adduced before the Grand Jury is legally sufficient to sustain counts two and three, and insufficient to sustain count one.
In count one, defendant is charged with enterprise corruption (Penal Law § 460.20 [1] [a]) based upon six alleged pattern acts (41-46). The first three acts charged are insurance fraud in the third degree, attempted grand larceny in the third degree and falsifying business records in the first degree, all relating to a claim made to Allstate Insurance Company for the alleged theft of a 1980 Mercedes Benz automobile that belonged to co-defendant Marino. The remaining three pattern acts of insurance fraud in the third degree, grand larceny in the third degree and falsifying business records in the first degree relate to a claim made to TIG Insurance Company for the theft of a 1992 Lincoln owned by defendant and for which partial payment was obtained by him.
An individual is "guilty of enterprise corruption when, having knowledge of the existence of a criminal enterprise and the nature of its activities, and being employed by or associated with such enterprise, he * * * intentionally conducts or participates in the affairs of an enterprise by participating in a pattern of criminal activity” (Penal Law § 460.20 [1] [a]).
A pattern of criminal activity required for enterprise corruption means conduct "constituting three or more criminal acts that * * * are neither isolated incidents, nor so closely related and connected in point of time or circumstance of commission as to constitute a criminal offense or criminal transaction” (Penal Law § 460.10 [4] [b]).
A criminal transaction means "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute *390 a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10 [2]).
Two of the three criminal acts required to constitute the criminal activity that underlies enterprise corruption must be felonies other than conspiracy and must have occurred within a specific time frame (Penal Law § 460.20 [2]).
The court finds that the evidence before the Grand Jury is sufficient to establish generally the existence of a criminal enterprise within the meaning of Penal Law article 460 with respect to the activity alleged in this indictment.
A review of the Grand Jury minutes indicates that each of the two groups of three pattern acts charged against this defendant relates to the report of a stolen vehicle to an insurance company in violation of three separate statutes.
There is a lack of appellate guidance in this State with respect to what constitutes a single transaction that would take certain criminal activity out of the reach of the enterprise corruption statute.
Lower court holdings have not dealt with the circumstances presented here (see, People v Cantarella, 160 Misc 2d 8).
However, the single act of using a telephone to promote bribery and extortion was held to provide no basis for a conviction under the Federal Racketeer Influenced and Corrupt Organizations Act (RICO) which requires two separate predicate acts, even though the act encompassed two different criminal offenses (United States v Walgren, 885 F2d 1417; 18 USC § 1961 et seq.). The Walgren decision was consistent with the holdings in other Federal RICO cases which determined the number of predicate acts charged (see, United States v Kragness, 830 F2d 842; Polycast Technology Corp. v UniRoyal, Inc., 728 F Supp 926).
The first group of pattern acts (41-43) charges defendant with insurance fraud in the third degree, attempted grand larceny in the third degree and falsifying business records in the first degree with respect to the vehicle owned by codefendant Marino. The evidence before the Grand Jury was insufficient to connect defendant to these acts.
The second group of pattern acts (44-46) charges defendant with insurance fraud in the third degree, grand larceny in the third degree and falsifying business records in the first degree with respect to the vehicle owned by defendant.
The charges of insurance fraud in the third degree, grand larceny in the third degree and falsifying business records in
*391 the first degree are not clearly distinguishable from each other (see, People v Helmsley, 170 AD2d 209). The acts which form the basis of these crimes are identical (see, People v Pierre, 157 AD2d 750).
Therefore, the court finds that the indictment charges defendant, in effect, with one criminal transaction.
Additionally, the legislative findings of New York’s Organized Crime Control Act provide that the Act was not intended to be "employed to prosecute relatively minor or isolated acts * * * which, while related to an enterprise and arguably part of a pattern as defined in this article, can be adequately and more fairly prosecuted as separate offenses * * * particular defendants may play so minor a role in a criminal enterprise that their culpability would be unfairly distorted by prosecution and punishment for participation in the enterprise.” (Penal Law § 460.00.)
The evidence before the Grand Jury demonstrates that defendant’s car was delivered to a codefendant’s salvage yard and was then reported stolen to the insurance company, which made partial payment to defendant. The People’s claim in the portion of the indictment that referred to the "Structure of the Criminal Enterprise” that defendant provided financial backing for it is not supported by evidence before the Grand Jury. The one act of defendant — falsely reporting a car stolen— places him in a minor role in relation to the criminal enterprise. In that regard, the legislative findings are significant when evaluating the evidence against this defendant. This court finds that defendant’s actions did not constitute the quantum of criminal conduct contemplated by the statute.
Accordingly, count one of the indictment is dismissed with leave to resubmit to the same or another Grand Jury.