■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CIAURI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BESSER, Also Known as JAMES ZERILLI, Appellant. [699 NYS2d 341] —Judgments, Supreme Court, New York County (Bernard Fried, J.), rendered January 17, 1996 and December 11, 1995, convicting each defendant, after a jury trial, of enterprise corruption, and sentencing defendant Ciauri, as a second felony offender, to a term of 12½ to 25 years, and sentencing defendant Besser, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence. The value of the dishonored checks in question was properly established through the testimony of the victim. The totality of the evidence established defendant Besser's intent, at the relevant time, to deprive the owner of the funds at issue within the meaning of Penal Law § 155.00 (3) (a), and that this conduct was in furtherance of the criminal enterprise. Contrary to defendant Ciauri's contention, he was properly convicted of separate pattern acts.

The court properly disallowed, pursuant to *Batson v Kentucky* (476 US 79), certain peremptory challenges by the defense. The procedures followed by the court sufficiently complied with the required *Batson* protocols. Where, as here, a party asserting the peremptory strike puts forward race-neutral reasons and the other side says nothing more, the court may nonetheless make a finding of pretext based on an articulated rejection of the race-neutral reasons (*People v Payne*, 88 NY2d 172, 184). The record supports the court's finding of pretext concerning the challenges at issue.

We agree with the court's well-reasoned decision (166 Misc 2d 615) to instruct the jury that accomplice corroboration was required for the offense of enterprise corruption but not for each of the underlying pattern acts (*see*, CPL 60.22). The court appropriately charged that it was a question of fact as to whether the victim-witness was an accomplice, since his participation in the criminal activity at issue could reasonably be viewed as coerced.

Defendant Besser was properly sentenced as a persistent felony offender. We conclude that his imprisonment for the second of his predicate felonies preceded the "commission" of the present felony within the meaning of Penal Law § 70.10 (1) (b) (ii).

We have considered and rejected both defendants' remaining claims. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ. [*See*, 166 Misc 2d 615.]