■ In the Matter of MAURIER M., Alleged to be a Person in Need of Supervision, Appellant. [771 NYS2d 642]—Order of disposition, Family Court, New York County (Helen Sturm, J.), entered on or about January 27, 2003, adjudicating appellant a person in need of supervision and discharging him to the care of his maternal grandmother, unanimously reversed, on the law, without costs, and the petition dismissed.

The allegations of the petition were not established by sufficient evidence. Concur—Buckley, P.J., Andrias, Lerner and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC TORRES, Appellant. [771 NYS2d 642]—

Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered November 9, 2001, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of seven years, unanimously affirmed.

The court responded meaningfully to the jury note which requested the definition of second- and third-degree robbery. Contrary to defendant's claim, the court was not required to repeat its definition of "deprive" and "appropriate," which it had already given in its main charge, and which the jury did not request in its note (see People v Allen, 69 NY2d 915 [1987]; People v Smith, 288 AD2d 629, 630-632 [2001], lv denied 97 NY2d 733 [2002]; People v Lewis, 177 AD2d 421 [1991], lv denied 79 NY2d 949 [1992]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.