■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE MARASA, Appellant. [820 NYS2d 273]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered January 17, 2003, convicting defendant, af-

ter a jury trial, of enterprise corruption, scheme to defraud in the first degree, three counts of falsifying business records in the first degree, five counts of securities fraud, and two counts of grand larceny in the fourth degree, and sentencing him to an aggregate term of 5 to 15 years, unanimously modified, on the law and the facts, to the extent of vacating the convictions for falsifying business records with respect to Holly Holdings and George Passaro, and dismissing those counts of the indictment, and otherwise affirmed.

The verdict is based on legally sufficient evidence and is not against the weight of the evidence (see e.g. *People v Sala*, 95 NY2d 254, 260 [2000]). There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of the weight to be given to the testimony of cooperating witnesses (see *People v Gaimari*, 176 NY 84, 94 [1903]).

In a prior appeal involving defendant's codefendants, we found that the consulting agreement between defendant's firm, Meyers Pollock Robbins (MPR), and Holly Holdings was not a business record (*People v Schwartz*, 21 AD3d 304, 306 [2005]). Defendant therefore contends that the falsifying business records counts involving MPR's agreements with Holly Holdings and Interactive Technologies should be dismissed. However, based on the Court of Appeals' subsequent decision in *People v Bloomfield* (6 NY3d 165 [2006]), we now conclude that the consulting agreements qualify as business records as defined by Penal Law § 175.00 (2). Therefore, we decline to dismiss the falsifying business records count concerning Interactive.

However, we dismiss the falsifying business records count involving Holly Holdings because New York County was the wrong venue (see *Schwartz*, 21 AD3d at 306). We reject the People's arguments to the contrary. First, having reviewed the pages of the transcript cited by the People, we do not find that they support the People's claim that defendant made telephone calls and sent faxes to the Manhattan lawyer who drafted the agreement. Second, with respect to the People's accessorial liability argument based on Penal Law § 20.05, we note that neither the indictment nor the People's presentation at trial gave defendant warning that he was being prosecuted based on the conduct of the Manhattan lawyer.

The People concede that venue was improper as to the falsifying business records count involving the Passaro invoice.

Even though venue is lacking for the falsifying business records counts involving Holly Holdings and the Passaro invoices, they may still be used as pattern acts, and, in any event, many other pattern acts still remain (see Penal Law § 460.40 [2];

*People v Ciauri,* 166 Misc 2d 615, 619 [1995], *affd* 266 AD2d 164 [1999], *affd* 96 NY2d 136 [2001]). Therefore, we decline to grant defendant a new trial on the enterprise corruption count (*see United States v Coonan,* 938 F2d 1553, 1565 [2d Cir 1991], *cert denied sub nom. Kelly v United States,* 503 US 941 [1992]; *compare United States v Delano,* 55 F3d 720, 728-729 [2d Cir 1995]).

Defendant's remaining arguments about enterprise corruption are unpreserved, and we decline to reach them in the interest of justice.

The court's response to the jury note asking it to read back the elements of grand larceny in the fourth degree was proper. The court did not have to go beyond the jury's specific request (*see e.g. People v Torres,* 4 AD3d 153 [2004], *lv denied* 2 NY3d 808 [2004]).

Even assuming, arguendo, that the group of pattern acts relating to each company or customer constituted a single criminal transaction for purposes of the enterprise corruption statute (*see People v Scarantino,* 167 Misc 2d 388, 390-391 [1996]), and that the court should have granted defendant's request to charge the jury accordingly, there was no prejudice to defendant, because even under that view he was still convicted of more than three pattern acts. Concur—Saxe, J.P., Marlow, Nardelli and Catterson, JJ.