People v Manafort (2020 NY Slip Op 06027)





People v Manafort


2020 NY Slip Op 06027


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Ind No. 774/19 Appeal No. 12170 Case No. 2020-1097 

[*1]The People of the State of New York, Appellant,
v
Paul J. Manafort, Jr., Defendant-Respondent.


Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for appellant.
Cadwalader, Wickersham & Taft LLP, New York (Todd Blanche of counsel), for respondent.



Order, Supreme Court, New York County (Maxwell Wiley, J.), entered on or about December 18, 2019, which granted defendant's motion to dismiss the indictment on the ground of statutory double jeopardy, unanimously affirmed.
We affirm based on Supreme Court's well-reasoned analysis. It is undisputed that the federal charges of which defendant has already been convicted involve the same fraud, against the same victims, as is charged in his New York indictment. CPL 40.20 (2) provides that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction. Under the statutory exception at issue here, a person may be successively prosecuted for two offenses based on the same criminal transaction where each offense contains an element that is not an element of the other, and "the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (CPL 40.20[2][b]).
Here, as the court correctly found, the exception set forth in CPL 40.20 (2) (b) is inapplicable. The People failed to establish that the federal and state statutes, all of which were directed against fraudulent transactions, were designed to prevent very different kinds of harm or evil (see e.g. People v Helmsley , 170 AD2d 209 [1st Dept 1991]). The statutory differences cited by the People fall far short of satisfying the "very different kinds" test.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020